## CHARLES NEBLETT v. McGRAW & BREWER.

### Decided December 23, 1905.

**1.—Building Contract—Delay in Completion—Evidence—Charge.**

In a suit for a balance alleged to be due upon a contract for the construc-
tion of a building, which contract stipulated that the building should be com-
pleted by a certain day and that the owner should be entitled to liquidated
damages in a certain amount for each day the completion of the building was
delayed, provided the delay was not caused by the owner, and the owner plead
in reconvention that the completion of the building was delayed twenty-eight
days and prayed judgment for the damages, it was error for the court to
submit to the jury the question whether or not the delay was caused by the
owner when there was no evidence from which the jury could find that the
owner was responsible for the delay.

**2.—Same—Burden of Proof—Quantum Meruit.**

The general denial of the defendant, the owner of the building, imposed
upon plaintiffs, the contractors, the burden of pleading and proving that they
in all respects complied with the terms and stipulations of their contract,
otherwise they would not be entitled to recover. The facts of this case do not
authorize a recovery upon quantum meruit. The rights of the parties must
depend upon the contract.

**3.—Same—Damages Pro Tanto.**

Even if the acts of the owner or his agent contributed to the delay in the
completion of the building this would not authorize a finding against the owner
on the whole case, but only pro tanto for the delay so occasioned.

**4.—Charge—Issue—Absence of Pleading and Proof.**

Where there was neither pleading nor proof that the architect in charge
of the building had ever extended the time for the completion of the same, it
was error for the court to submit this question to the jury.

**5.—Pleading—Evidence.**

Where the contract between the parties is pleaded by the defendant, the
plaintiff may introduce the same in evidence.

**6.—Declarations—Res Gestae.**

Declarations contemporaneous with acts are admissible as part of the res gestae.

**7.—Contract—Liquidated Damages.**

Where the exact extent of one's damages in case of a breach of a contract is incapable or at least extremely difficult of computation, and the parties, probably with a view to that fact, have agreed upon and stipulated for liquidated damages, the court will not be warranted in treating such provision as a penalty rather than as liquidated damages, and the provision will be enforced.

Appeal from the County Court of Erath County. Tried below before Hon. M. J. Thompson.

*Oxford & Charlton,* for appellant.—Where a recovery is sought upon a building contract, the petition should allege the terms of said contract and show that the plaintiffs had complied with the same. Lawrence v. Simonton, 13 Texas, 220; Ballard v. Anderson, 18 Texas, 385.

Where a clause in a building contract provides that the builders and contractors are entitled to the time or delay on such building which is caused by the interference, act or neglect of the owner or his agents, and the plaintiffs, in their petition, fail to allege that any such delay was caused by the act, neglect or interference of the defendant or his agents, and the plaintiffs' petition fails to show any damage or declare for any damage or rebate of time for such act, neglect or interference of the owner or his agents, it is error to admit testimony that one of the agents of the owner interfered with the hands in the construction of said building. Stewart v. Gordon, 65 Texas, 344; Espey v. Heidenheimer Bros., 58 Texas, 662.

The court erred in permitting the plaintiff, John McGraw, while he was on the witness stand testifying in his own behalf, and over the objections of the defendant, to testify in the presence and hearing of the jury, as follows: "I was down stairs at the time they came down there and reported the matter to me, and said that the reason why they quit work was the old man, Neblett, was bothering them. They quit work for about five or ten minutes. Another time they were off the building about half a day. They told me the reason they quit that time was because old man Neblett was interfering with the work." Dwyer v. Bassett, 21 S. W. Rep., 621.

Where, in a building contract, the builders agree to furnish the material and perform the labor in the construction of said building within a specified time, it is negligence on the part of the contractors not to bind the brick company, with whom they contract, to furnish said brick within the time specified in the original contract with the owner, and such negligence cannot be charged to the owner of the building. O'Neil v. Davis, 1 Texas Civ. App., 183; Brandon v. Manufacturing Co., 51 Texas, 121.

Where a building contract stipulates that the contractor or builder should pay a stipulated sum per day as liquidated damages for every day's delay in the completion of the building after a certain date, and the building is not finished at that date, the owner of the building is entitled to recover of the contractors the amount named in said contract as liquidated damages, provided the damage arising from the

breach of the contract is of such a nature as not to admit of proof of the actual amount. Collier v. Betterton, 29 S. W. Rep., 467 and 490; Mills v. Paul, 30 S. W. Rep., 560.

The law requires the plaintiff in a civil suit to make out his case by a preponderance of the testimony, and a charge which limits the defendant's rights by tagging on an exception which gives the plaintiff the right to recover, without making out his case by a preponderance of the testimony, is error. Odom v. Woodward, 74 Texas, 41; Evans v. Foster, 79 Texas, 48.

In a suit upon a building contract, where the issue of the time of delay in completing the building becomes the essence of the contract, it is error for the court, in its charge, to fail to submit such issue to the jury, and to require them to pass upon the fact as to whether or not the plaintiffs were justified in the delay of twenty-eight days in completing the building. Moore v. Moore, 67 Texas, 296.

The court erred in the eighth paragraph of his charge to the jury, wherein he charges the jury as follows: "If you believe from the testimony that there was an architect in charge of said building, and that said architect extended the time on said contract upon application as provided for by the contract, then, in that event, you can find for the defendant for the days extended." Fort Worth & Denver Ry. Co. v. Measles, 81 Texas, 474; Blanton v. Mayes, 58 Texas, 428; Austin v. Talk, 20 Texas, 165; Lee v. Hamilton, 12 Texas, 413; Schulz v. Tessman, 92 Texas, 491; El Paso & N. W. Ry. Co. v. McComas, 72 S. W. Rep., 629.

The court erred in the tenth paragraph of his charge, wherein he charged the jury as follows: "I therefore charge you that, if you find from the evidence that there was a delay in the completion of said building, and that such delay was caused by reason of a failure to furnish brick, and that such failure was caused by the negligence upon the part of the Acme Press Brick Co., I then charge you to find whether the Acme Press Brick Co. was acting as the agent of Plaintiff or as the agent of defendant in furnishing such material, and if you find that said brick company was the agent of defendant, then, by reason of their negligence, the defendant can not recover on his plea of liquidated damages for the number of days so occasioned." Western U. Tel. Co. v. Kendzora, 77 Texas, 257; Murchinson v. Mansur-Tibbetts Implement Co., 37 S. W. Rep., 605.

*Nugent & Carter,* for appellees.—The court did not err in permitting the witness, W. H. Brewer, to testify as set out in appellant's fourth assignment of error and bill of exceptions number 2, because said testimony was admissible to show the diligence the plaintiffs had used in obtaining material in compliance with their contract, and to further show, if the building was delayed, it was from causes beyond their control, and for which they would not be responsible, and that they were not in any way negligent themselves in the premises and upon the grounds stated by the court in his explanations to the bill, "That the proof had developed that the walls had been started with the character of brick made by the Acme Press Brick Co., and the architect refused

to admit plaintiffs to use other brick as it would change the color of the wall," and for the additional reason that article 1 of the contract relied upon by defendant provided that the architects, Taylor & Parr, were the agents of Charles Neblett, the owner, and article 7 of said contract provides that the time in said contract shall be extended when caused by the acts of the owner or architects in delaying the work." Hollis v. Chapman, 36 Texas, 5; Hearne v. Garrett, 49 Texas, 624.

The court did not err in permitting the plaintiff, W. H. Brewer, to testify that "Mr. Jesse Neblett, at different times, came to the building where the men were at work and interfered with the work, and caused some of the men to stop," etc. Because plaintiffs plead a quantum meruit and prayed for $560 damages against the defendant, and alleged in their supplemental petition that Mr. Jesse Neblett was the agent of Charles Neblett, and that he interfered with the construction of the building, and sought in this way to show that Charles Neblett, the defendant, had breached his contract, and was not entitled to any of the benefits under said contract because he had failed to comply with the same himself. Hearne v. Garrett, 49 Texas, 624.

Where a party declares upon a written contract, and also upon a plea of quantum meruit, the jury may disregard the contract entirely and render a verdict upon the plea of quantum meruit, and a general verdict for plaintiffs will be applied to that count in the petition which sets up a plea of quantum meruit. O'Conner v. Van Homme, Dallam, 429.

SPEER, ASSOCIATE JUSTICE.—Appellees sued appellant in the County Court of Erath County to recover the sum of $560, alleged to be a balance due them for the construction of a certain two-story stone and brick building. They appear to have sued both upon a contract and upon a *quantum meruit*. The appellant interposed general and special exceptions, a general denial, and pleaded specially the written contract between himself and appellees, and also certain written agreements between the parties, by which all the alleged extras and changes for which appellant sought a recovery had been made. He further pleaded that the contract stipulated for the completion of the building by August 10, 1904, and for liquidated damages in the sum of twenty dollars per day for each and every day the building remained in an unfinished state after said date, and that said building was not completed until the 10th day of September, 1904, making a delay of twenty-eight days, for which delay, and in pursuance of the terms of the contract, he had retained of the contract price the sum of $560. He also pleaded in a trial amendment that he was actually damaged by reason of being deprived of his building for the time specified, and that he could not specifically ascertain the actual damages resulting therefrom, the facts alleged inducing this uncertainty being that he was a merchant, and was opening up a large stock of goods, which he had intended to place within the building, and in consequence of the delay pleaded was unable to place his stock of goods upon the market for the fall trade. By supplemental pleadings the appellees alleged that appellant had abandoned the original contract and had entered into other and different agreements, and that his agent, J. W. Neblett, had hindered the work

by causing the hands to quit for a half day; that they were delayed eighteen days waiting for brick, which delay was caused by a strike among the employes of the Acme Press Brick Company at Bennett, Texas, which company was under contract to supply appellees with brick for the building; also certain other delays occasioned by changes made in the construction of the building at the instance of appellant.

The cause was tried before a jury, and resulted in a verdict and judgment in favor of appellees for the full amount sued for.

The court admitted evidence of the witnesses Brewer, McGraw and Bennett, to the effect that appellees were delayed in the construction of appellant's building by reason of the failure of the Acme Press Brick Company to furnish the brick as fast as they were needed. In his charge he permitted the jury to find whether or not the Acme Press Brick Company was acting as the agent of appellees or as the agent of appellant in furnishing the brick, and authorized them to find against appellant for this item of delay in the event they found the brick company to be his agent. Article 1 of the contract stipulates that appellees should provide all the materials and perform all the work mentioned in the specifications for the construction of the building, and article 7 that, "should the contractor be obstructed or delayed in the prosecution or completion of his work by the act, neglect, delay or default of the owner or the architects, or of any other contractor employed by the owner upon the work, . . . then the time herein fixed for the completion of the work shall be extended," etc. The undisputed evidence shows that the contract with the brick company was made by the contractors, the appellees, and not by the owner, the appellant. There was, therefore, no evidence whatever upon which to sumbit to the jury the issue whether or not the brick company was the agent of appellant. In giving this charge, and in admitting the evidence referred to, all of which tended to charge appellant with the eighteen days' delay while waiting for brick, the court committed error, for which the case must be reversed. Appellees' contention that the delay while waiting for brick should be charged to appellant, because of the refusal of the architect to allow them to obtain brick elsewhere than from the Acme Press Brick Company, can not be sustained. This refusal of the architect is not alleged to be an arbitrary one, but appears to have been justifiable, because any change of brick would have resulted in discoloring and materially injuring the walls and appearance of the building. The delay was, therefore, in nowise attributable to the act, neglect, delay or default of the architect. His act was merely an insistence upon a performance of the contract according to its spirit.

The court's charge upon the burden of proof is misleading as applied to the facts of this case. We will here take occasion to say, since the cause must be tried again, that appellees' right to recover in this case must be made to depend upon their pleading and proving that they have in all respects complied with the terms of their contract with appellant, and this embraces the allegation and proof, either that they completed the building within the time stipulated in the contract, or that their delay is excused by some of the terms thereof, as, for instance, the act, neglect, delay or default of the owner or the architects, and then only in the event they have properly claimed such extension. The gen-

eral denial of appellant imposes this burden upon appellees. (Altgelt v. Emilienburg, 64 Texas, 150.)

We find nothing in the evidence that would authorize a recovery by appellees upon a *quantum meruit*. It is not a case for the application of that wholesome principle which allows one to recover the reasonable value of work actually done, when he is prevented by the wrongful act of the other from complying with the terms of his contract. Here, the contract itself speaks to the very point as to the rights of the parties in the event the owner or his agent hinders or delays the work, or causes changes to be made in the construction of the building. It being true, then, that appellees are not entitled to recovery unless they have proved a performance of the contract, or justified the delay under the terms of the contract, it was error for the court to impose upon appellant the burden of establishing his claim for liquidated damages. The burden in the case is upon appellees to establish an indebtedness against appellant according to the terms of their contract. Failing to meet this burden, the appellant would be entitled to a judgment without proof of any character, under the familiar rule that the burden of proof is upon a plaintiff to make out his case. It is not a case of reconvention for damages, as appellees and the court seem to have considered it.

The seventh paragraph of the court's charge is misleading, in that it required a finding against appellant if the building was delayed by the wrongful acts of himself, his agents, or any person acting for him. There is some evidence which goes to show that some of the delays were due, within the meaning of the contract, to the wrongful acts of appellant's agent, but this fact would not require a finding against appellant upon the whole case, but only *pro tanto* for the delay so occasioned by him or his agent.

The court also erred in the eighth paragraph of his charge, wherein the following was given to the jury: "If you believe from the testimony that there was an architect in charge of said building, and that said architect extended the time on said contract upon application as provided for by the contract, then, in that event, you can not find for the defendant for the days extended." There was neither pleading nor proof that the architects in charge of the building had ever extended the time, and it was, therefore, error to submit this issue. It may be observed in passing, however, that under the terms of the contract appellees would not be entitled to claim an extension of time from whatever cause without having made an application therefor to the architects in the manner pointed out in the contract.

There was no error in permitting the appellees to introduce in evidence the written contract between the parties, since the same was specially pleaded by appellant if not by appellees. Nor was there error in admitting the evidence of the witnesses Brewer and McGraw as to what the workmen said to them about "old man Neblett's" interfering with their work on the building. The court's explanation to the bill shows that the statements were so nearly contemporaneous with the act of interference as to be a part of the *res gestae*.

Under the allegations contained in appellant's answer, which appear to be supported by his evidence, the exact extent of his actual damages is incapable, or, at least, extremely difficult, of computation, the par-

ties to the contract having expressly stipulated that the sum of twenty dollars per day for each and every day the building remained in an unfinished state after August 10, 1904, should be assessed against the contractors as liquidated damages, and to be paid out of money due, or to become due, to them, we would not be warranted in treating the provision as a penalty rather than as liquidated damages. The very difficulty adverted to may have, and presumably did, enter into the consideration of the parties in agreeing upon this sum as liquidated damages, to be retained by appellant in the event he was deprived of the use of his store building beyond August 10, for the purpose of opening up and displaying his stock of goods. (Collier v. Betterton, 8 Texas Civ. App., 484, 29 S. W. Rep., 467; s. c., 29 S. W. Rep., 490; Eakin v. Scott, 70 Texas, 442; Brown Iron Co. v. Norwood, 69 S. W. Rep., 253.) The ruling, therefore, of the court in excluding appellant's evidence of actual damages, would be harmless, since he is entitled to recover, if anything, the stipulated damages of twenty dollars per day.

While we have not discussed seriatim the numerous assignments of error presented by appellant, we have expressed our views upon all the issues raised.

For the errors indicated the judgment is reversed, and the cause remanded for another trial.

*Reversed and remanded.*