CHARLES NEBLETT v. McGRAW & BREWER.

Decided June 29, 1907.

**1.—Building Contract—Delay in Completion.**

In an action for a balance due upon a building contract, which required the contractor to furnish all material necessary for the completion of the building within a certain time, and for liquidated damages in case of failure so to do, it was error for the court to admit evidence that the delay in the completion of the building was caused, in part, by the failure of a subcontractor to furnish the necessary brick in time, and to charge the jury, in effect, that the default of the subcontractor would relieve the contractor from liability for failure to complete the building within the time specified, and this, although the delay on the part of the subcontractor was caused by a strike among his employees.

**2.—Same—Certificate of Architect.**

Where a building contract stipulated that extensions of time for the completion of the building should be certified by the architect, such certificate or an excuse for its nonproduction, must be shown, to constitute a defense against the liquidated damages specified in the contract.

Appeal from the County Court of Erath County. Tried below before Hon. M. J. Thompson.

*W. T. Carlton* and *Eli Oxford,* for appellant.

*Nugent & Carter,* for appellees.

SPEER, ASSOCIATE JUSTICE.—A full report of the nature of this case will be found in the opinion rendered on a former appeal, re-

ported in 91 S. W. Rep., 309. On the last trial appellees recovered a judgment for the sum of four hundred dollars, from which this appeal is prosecuted.

Appellant's eighth and ninth assignments of error complain of the admission in evidence of the testimony of appellees to the effect that they were delayed, first and last, eighteen days, waiting for brick. Appellees under the terms of their contract were to furnish all the materials necessary for the construction of appellant's building, and exercised their option, as under the contract they had a right to do, of using Millsap brick from the Acme Press Brick Company of Bennett. There is nothing in the record to show that appellant was in anywise concerned in the contract with the Acme Press Brick Company, and he should not, therefore, be held responsible for its failure to supply brick. Appellees insist that they do not seek to recover for any delays save such as were occasioned by the default of appellant, but it is perfectly apparent under the charge of the court that the admission of this evidence tended to charge appellant with the delay, and indeed, the court's explanation to the bill of exception to the effect that it was admitted upon the theory that the architect arbitrarily refused to allow appellees to use other brick, shows affirmatively that such was the purpose of its admission. In the course of the opinion on the former appeal we stated that the refusal of the architect to allow a change in brick appeared to have been justifiable, and we now hold that there is nothing in the record to indicate that his conduct was arbitrary, thus excusing appellees for their delay in furnishing brick. The charge of the court instructed the jury generally that if the delays were justifiable under the terms of the written contract, or were caused by the act, default or negligence of appellant, his agents or employes, to find for appellees, thus clearly authorizing the jury to attribute the delays waiting for brick to the default of appellant. The evidence should not have been admitted, but at least, after its admission the court should have instructed the jury, as he was requested in appellant's special charge number two, to the effect that if a change in brick would have worked an injury to appellant's building, the architect's refusal to assent to such change was justifiable, and appellees therefore not entitled to an extension of time. But, as previously indicated, we find nothing in the record to authorize appellees' contention that they are entitled to an extension of time covering the period while they were waiting on the Acme Press Brick Company to supply brick. Under the terms of the contract it was immaterial whether the default of the brick company was due to a strike amongst its employes or not, since appellees would in either event be responsible to appellant for the delay in the completion of his building. Nor is appellant precluded from complaining of the admission of this evidence because of his having developed on cross-examination that the delay was due to a strike amongst the employes of the brick company.

Furthermore, under the terms of the contract the verdict in appellees' favor appears not to be supported by the facts, in that the contract stipulates that the duration of extensions of time shall be certified by the architect, but that appeal from his decision may be made

to arbitration, as therein provided.  There is no contention that the architect ever certified any extensions in favor of appellees, nor is there any excuse rendered for appellees' failure to bring themselves within this clause of the contract.  In the absence of such showing appellees failed to establish their right to recover under the contract.

For the error discussed the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*