## W. S. ATWOOD V. S. T. FAGAN ET AL.

### Decided January 21, 1911.

**1.—Trial with Jury—Findings of Fact by Judge—Practice.**

There is no statute requiring or authorizing a trial judge to file findings of fact from the evidence when the case is tried before a jury; hence such findings are not conclusive upon a party to the suit, even though they were filed at his request. It is otherwise when a case is tried without a jury.

**2.—Breach of Contract—Liquidated Damages.**

Contract for the sale and purchase of land considered, and held by its terms to indicate that the parties intended and understood that a certain sum of money, deposited by the purchaser in a bank and described in the contract as a forfeit, should be treated as the amount of money the seller would be entitled to in case of a breach of the contract by the purchaser, hence, as liquidated damages.

**3.—Same—Beneficiaries—Parties.**

A contract for the sale and purchase of land stipulated that in the event the seller recovered from the purchaser a forfeit provided for, he should pay a part of the same to certain other parties. Held, such other parties were not necessary parties to a suit to recover the forfeit, it not appearing that they had signed said contract or assented thereto.

**4.—Merchantable Title—Question of Fact.**

A will and the probate thereof being a link in a chain of title, it can not be said as a matter of law that an objection to the title as "a merchantable title" on the ground that an inventory of the estate had not been returned and filed in the probate court as required by statute and the order of the court, was capricious and without foundation. Whether or not a title with such an irregularity would be merchantable, would be a question of fact.

**5.—Title—Opinion of Attorney—Conclusiveness.**

Where a contract for the sale of land provided that the seller should furnish a merchantable title to be determined by the purchaser's attorney, the opinion of the attorney would be conclusive of the matter in the absence of any question as to the good faith of the attorney. When the evidence raises this question, it should be submitted to the jury.

**6.—Breach of Contract—Liquidated Damages—Recovery.**

The fact that the owner of land subsequently sold it for more than a previous prospective purchaser had contracted to pay for the same, would be no defense to a suit by the owner to recover from said prospective purchaser the amount of liquidated damages stipulated in the contract which he had breached.

Appeal from the County Court of Potter County. Tried below before Hon. W. M. Jeter.

*Cooper & Stanford*, for appellant.—It is unnecessary to file an inventory and appraisement of property to authorize an executor or executrix to convey the interest of the deceased in such property. Arts. 1965, 1981, 1982, Sayles' Civ. Stats.; Glover v. Coit, 81 S. W., 136; Ryan v. Texas & Pacific R. R. Co., 64 Texas, 239.

*Madden, Trulove & Kimbrough,* for appellees.—The court properly instructed a verdict for appellees because they made out a complete defense in showing that the defects in the title pointed out by appellee Fagan's attorney were never removed to said attorney's satisfaction. Greer v. International Stock Yards Co., 96 S. W., 81; Smith v. Lander, 106 S. W., 703; Hamburger v. Thomas, 118 S. W., 770, 774, 775; Schmeltz v. Garey, 49 Texas, 59; Joske v. Irvine, 91 Texas, 574, 581, 582.

The court properly instructed a verdict for the defendants because the undisputed testimony showed that D. Gilvin and John B. Gilvin, composing the firm of Gilvin & Gilvin, had an interest in the subject matter of the suit and were necessary parties plaintiff. Hanner v. Summerhill, 26 S. W., 906; 7 Texas Civ. App., 235; Holliman v. Rogers, 6 Texas, 91; Stachely v. Pierce, 28 Texas, 328; Galveston, H. & S. A. Ry. Co. v. LeGierse, 51 Texas, 198-200; Dallas & Wichita R. R. Co. v. Spiker, 59 Texas, 435; Waldrep v. Roquemore, 127 S. W., 248.

The court properly instructed a verdict for the appellees because the stipulation for the forfeit of $400 is in the nature of a penalty, and the undisputed evidence showed that the appellant suffered no damage by reason of the breach of said contract, it appearing from appellant's own testimony that on the third day of July, about one month after the alleged breach of the contract sued on, he sold the same lots to another party at an advance in price of $1000. Collier v. Betterton, 87 Texas, 440, 442; Shiell v. McNitt, 9 Paige (N. Y.), 102; Elmore v. Rugely, 107 S. W., 151; Cowart v. Walter Connally & Co., 108 S. W., 973.

DUNKLIN, ASSOCIATE JUSTICE.—W. S. Atwood and S. T. Fagan entered into a written contract by the terms of which the former agreed to sell and the latter agreed to buy two lots in the city of Amarillo. The consideration for the property named in the contract was ten thousand dollars, and at the time it was executed Fagan deposited with the First National Bank of Amarillo four hundred dollars as a guaranty that he would perform the obligations imposed upon him by the terms of the contract. There was a further stipulation in the contract that in the event Fagan should not consummate the purchase, then Atwood should receive the four hundred dollars "as full liquidated damages accruing to him by reason of such failure, and in that event this contract shall thereafter be cancelled and held for naught as to all parties hereto." In the contract the four hundred dollars was also designated as "forfeit money," and Atwood was designated as the first party and Fagan as the second party. The fifth clause of the contract reads:

"It is especially agreed and understood by all parties hereto that the

abstract of the title to said property shall be examined and passed upon by any reputable practicing attorney who is licensed to practice law in the District Courts of Texas, that second party may select, at the cost of second party; and should he, the said attorney, find that first party had not a good and merchantable title to said property, or should defects be discovered in said title that can not be cured in a way satisfactory to said attorney within a reasonable time, then and in that event second party shall not be required to consummate this purchase and the forfeit money shall then be returned to him, the second party, and thereafter this contract shall be null· and void and of no further force and effect."

The abstract of title furnished by Atwood showed that he deraigned title through Mrs. Mattie S. Brown, who claimed the same under a will in her favor executed by Miss S. A. Spiller. This will purports to devise and bequeath all the property owned by the testatrix to Mrs. Mattie S. Brown. The abstract shows title vested ·in the testatrix before her death, and does not show any deed from her conveying the property to anyone. The will was duly probated in the County Court of Bell County. The order of court admitting the will to probate directed the issuance of letters testamentary to Sam J. Brown, the executor named in ·the will, "upon filing an inventory and appraisement of said estate and making bond in the sum of one thousand dollars," but the abstract fails to show that any inventory of the estate was ever filed. Upon receipt of the abstract of title Fagan employed an attorney to examine it, who rejected the title as unmerchantable by reason of the absence of such a showing. Affidavits were procured purporting to show that Miss S. A. Spiller owned the property at the time of her. death, and these were tendered to Fagan's attorney, but were not considered sufficient to cure the defect noted above. Atwood then tendered to Fagan a deed to the property duly executed by himself and wife in accordance with the terms of the contract, but the same was refused by Fagan on account of the disapproval of the title ,by his attorney. Atwood then instituted this suit to recover the four hundred dollars deposited with the bank. The trial court gave a peremptory instruction to the jury to return a verdict in favor of the defendant, and from a judgment entered in accordance with that instruction Atwood has appealed.

Upon request of appellant's ·attorney the trial court filed findings and conclusions of law, and appellee insists that, in the absence of exceptions to those findings, appellant is bound thereby. The rule thus invoked would be applicable if the case had been tried without the intervention of a jury, but we know of no law which contemplates such findings when the case is tried by a jury, and must, therefore, overrule that contention.

The testimony showed that at the time the·contract was executed it was expected by Fagan that a railroad depot would be located just across the street from the property he contracted to purchase; that immediately after the execution of the contract a rumor was current in

the community that this depot would be located about six blocks further distant; that the market value of the property was speculative and uncertain; that the location of the depot in close proximity to the property would cause it to sell for a greater sum than could be realized if the depot were located elsewhere.

While it is true, as held in Collier v. Betterton, 87 Texas, 440, that a stipulation in a contract of this character, that a sum deposited as the four hundred dollars in this case was deposited, will be treated as a penalty, even though designated as liquidated damages, if the actual damages sustained by the complaining party are susceptible of definite ascertainment, yet it is equally well established that "if the damages be in their very nature uncertain, or the amount indeterminate, the sum specified will be treated as fixing by stipulation the amount of the recovery." Talkin v. Anderson (Texas Sup.), 19 S. W., 852; Neblett v. McGraw, 41 Texas Civ. App., 239 (91 S. W., 309); Eakin v. Scott, 70 Texas, 442.

We think that the terms of the contract clearly indicate that the four hundred dollars deposited by Fagan with the bank was intended and understood by the parties as the amount of damages to which appellant would be entitled in case of a breach of the contract by the appellee, and we have found nothing in the testimony indicating or tending to show that such was not true.

It was also further stipulated in the contract that in the event Atwood should be entitled to receive the forfeit money on account of a breach of the contract by Fagan, he would pay one-half of the same to Gilvin & Gilvin, real estate agents, representing him in the transaction, and appellee insists that this rendered Gilvin & Gilvin necessary parties to the suit and that for that reason, if for no other, the judgment of the trial court should be sustained. We are unable to agree to this contention. Gilvin & Gilvin were not parties to the contract and there was no proof that they had assented thereto. Milling Co. v. Eaton, 86 Texas, 401; 9 Cyc., 380.

We can not say that the objection made by Fagan's attorney to the title was capricious and without any foundation to support it. Our statutes do require the return of an inventory of an estate administered in the probate court, and even though the absence of such an inventory should be held insufficient of itself a show of substantial defect in the title, nevertheless, it can not be held as matter of law that the irregularity would not render the title unmerchantable. Schmeltz v. Garcy, 49 Texas, 59. Whether or not a title with such an irregularity was merchantable we think is a question of fact. The contract stipulated that Atwood would furnish a merchantable title to be determined by Fagan's attorney, and the evidence shows without controversy that the attorney was not satisfied therewith by reason of the irregularity noted above. The decision of the attorney we think would have been decisive of the case and would have required the peremptory instruction given by the trial court but for the fact that there was testimony upon the issue of lack of good faith on the part of Fagan's attorney in rendering

his decision upon the title. It was proven that the attorney was interested with Fagan in the contract for the purchase of the property and, as indicated already, there was proof that the rumor was current immediately after the execution of the contract that the expected railway depot would be located at a considerable distance from the property, and that unless located near the property the value of property would be less than the contract price. This testimony and the attorney's interest in the contract would tend to show a motive on the part of the attorney to give an adverse decision upon the title, and while the attorney testified that it did not influence him in any manner and that he was confident all the while that the depot would be located just across the street from the property, where in fact it was afterwards located, yet we do not believe that the trial court had the right to take such issue of good faith from the jury, but that such issue should have been submitted to them for their determination. The failure to submit that issue will require a reversal of the judgment.

It was proven upon the trial that subsequent to Fagan's refusal to consummate the contract of purchase Atwood sold the property for one thousand dollars more than he would have realized if the proposed sale to Fagan had been consummated, and appellee insists that as this proof showed that Atwood did not sustain any loss by Fagan's refusal to take the property no other judgment than the one rendered could have been sustained. The rights of the parties relative to the four hundred dollars in controversy were fixed when the contract was terminated, and if Atwood was entitled to recover the four hundred dollars at that time, we fail to see how that right could be destroyed by his sale thereafter for a greater sum than Fagan agreed to pay.

For the error noted above, the judgment is reversed and the cause remanded.

*Reversed and remanded.*