S. C. KILGORE ET AL. V. NORTH WEST TEXAS BAPTIST EDUCATIONAL SOCIETY.

No. 404.—Decided April 13, 1896.

**Supervising Architect—Estimates.**

By a building contract payments, from time to time, were to be made upon the certificates of the architect named in the contract. In a contest involving the amounts due upon such estimates the presumption of law is that they are correct, and it devolves upon one attacking them to show the facts relied upon to set them aside.

QUESTIONS CERTIFIED by Court of Civil Appeals for Second District, in an appeal from Wise County.

The statement and question certified are here given:

"This suit was brought by the appellee, a private corporation, against S. C. Kilgore, as principal, and against B. F. Coleman, F. M. Wood and Tom Grace as sureties, on a certain bond guaranteeing the fulfillment of a contract on the part of Kilgore to construct a three-story stone building. The plaintiff sought a recovery in the sum of $5220, as damages for

the breach of the contract by the builder, Kilgore. It had a verdict and judgment for the sum of $400, whence this appeal.

The petition declared upon the builder's contract executed by Kilgore, and alleged that about the 1st of May, 1892, the defendant Kilgore abandoned the contract and the work, although the appellee had complied fully with the obligations resting upon it under the terms of the contract. This instrument was made a part of the petition. By its terms Kilgore was to begin the work on March 1, 1892, and to complete it on or before September 1, 1892. The contract price was $23,355, to be paid monthly as the work progressed, on vouchers issued by the architect. These vouchers were to be based on estimates by the architect and to be 85 per cent of the work actually done, the last payment to be made when the work was fully completed and the building delivered free of lien. The contract further provided that if the material or work used or furnished should not be of the quality specified in the plans, specifications and details drawn by the architect, the builder would remove it and replace it with material specified, and pay all damage from delay and charges incidental thereto; and that during the erection of the work, when directed and required by the architect, he would remove from the premises all material and work which should not in the opinion of the architect be in accordance with the plans and specifications either as regards the quality of the material or the workmanship; that if after forty-eight hours' notice the contractor should not comply with such directions or requisitions, it should be lawful for the architect to cause the removal of the material and work objected to, and to cause materials and work to be furnished and executed by some other person or persons, the cost and expenses incident thereto to be deducted from the amount payable to the contractor; that the architect should have the liberty to examine, or cause to be examined, the work at any time, and whatever damage might be done should be repaired by the contractor.

The defendants specially answered, denying that Kilgore abandoned the contract, and alleging, on the other hand, that he was at all times able and willing to complete the building in accordance with his agreement, but that the appellee, through its duly authorized agents and officers, unlawfully and fraudulently ousted him from the contract, and without his consent took charge of the building; that the building committee appointed by the appellee, together with the architect, wilfully refused to furnish estimates of the work done and the material on hand, and failed to pay the estimates in accordance with the contract; that the committee caused the superintending architect to condemn large quantities of suitable and costly material supplied by the architect for the purpose of erecting the building; that they procured from the architect estimates which were grossly less than 85 per cent of the work actually done; that if the builder had been permitted to complete the building according to the terms of the contract, he would have cleared as profits the sum of $4000. The defendant Kilgore prayed for a recovery in reconvention.

Evidence was introduced by the defendants tending to establish the fraudulent conduct on the part of the architect thus averred in the answer.

In response to these averments and the evidence introduced to substantiate the same, the court at the request of the defendants gave the following instruction: "If you (the jury) believe from the evidence that W. A. Cann, the architect, intentionally and purposely made estimates of the work done by Kilgore for an amount grossly less than 85 per cent of the value of such work, and if you believe further that said W. A. Cann intentionally and wilfully condemned large quantities of material furnished by said Kilgore for said building, and if you further believe that such estimates were so made by said Cann and said material so condemned by said architect for the purpose and with the intent of causing said Kilgore to abandon said work, and if you further believe that these acts of said architect were known to the plaintiff or the agents or officers, or that the same could have been known by the use of ordinary diligence, and if you find from the evidence that such conduct rendered it impossible for said Kilgore to proceed with said work, you will find for defendants."

In connection with the foregoing instruction, the court gave, at the instance of the plaintiff, the following special charge: "You are instructed that the estimates of the architect furnished are presumed to be correct, and the burden is upon the defendant to show by a preponderance of the evidence that the same were incorrect, and that he acted fraudulently in making up the same, and that plaintiff knew of the same."

Question: So standing the pleading and the evidence, was it proper in the court to grant the last preceding instruction given at the instance of the plaintiff; or, in other words, was it proper to instruct the jury that the presumption was in favor of the correctness of the architect's estimates?"

*McMurray & Goes,* for appellant Kilgore.

*C. B. Randell* and *J. A. L. Wolfe,* for appellants Coleman, Wood and Grace.—To charge that the estimates furnished by the architect are presumed to be correct and that the burden was on defendants to show by a preponderance of the evidence that the same was incorrect is a charge upon the weight of the evidence and was error. Stooksbury v. Swan, 85 Texas, 563; 60 Texas, 208; Traders Nat. Bk. v. Day, 87 Texas, 101.

*R. E. Carswell* and *Bullock & Tankersley,* for appellee.—The charge in effect only announces on whom is the burden of proof upon the issue as the correctness of the architect's estimates, and was proper to be given in connection with the special charge asked by appellants and given.

As under the pleadings the correctness of the architect's estimates were only material in so far as they were fraudulently procured by appellee for the purpose of ousting Kilgore from the contract, and there-

by justified him in abandoning the contract, it was therefore proper to charge that appellee must have notice of the fraud.

The estimates of the architect are in the nature of awards, and have the conclusiveness of judgments, hence the presumption of their correctness is one of law. Freeman on Judgments, sec. 320; Black on Judgments, sec. 526; Wharton on Evidence, sec. 800; Wright v. Meyer, 25 S. W. Rep., 1122; Railway v. Henry & Dilley, 65 Texas, 691.

DENMAN, ASSOCIATE JUSTICE.—We understand the certificate, which includes question and lengthy explanatory statement, to submit for the determination of this court the following question of law:

Was it error for the trial court to charge the jury at request of plaintiff that the estimates furnished by the architect are presumed to be correct and that the burden is upon defendant to show the contrary by establishing fraud on part of the architect by a preponderance of evidence, in a case where plaintiff and defendant had agreed that the former should pay the latter as the work on the building progressed according to the estimates of the architect, and the defendant by pleading and proof attacked the estimates on the ground that they were fraudulently issued by the architect for an amount grossly disproportionate to the amount of work done, for the purpose of forcing him to abandon the contract; "or in other words, was it proper to instruct the jury that the presumption was in favor of the correctness of the architect's estimates?"

Under a firmly established rule of law, the parties having agreed upon the estimates of the architect as the work progressed, as the means of determining the extent of performance and the amount to be paid from time to time under the terms of the contract, such estimates, when made, established between the parties the facts therein found. They were not merely evidence from which a court or jury might have found or ought to have found such facts, but they were themselves findings of such facts by the architect, just as awards or judgments are findings of the facts of indebtedness therein stated by arbitrators or courts. It needed no finding of the jury to establish the facts stated in the findings of the architect; and therefore it was proper for the court to instruct that the law presumed them correct in the first instance, leaving to the jury the question, whether defendant had shown such facts as would in law destroy the findings of the architect. Such a charge was not upon the weight to be given to the estimates as evidence of the amounts due at their respective dates; for as we have seen they were not merely evidence from which the jury might have found such amounts, but were themselves findings thereof by the architect, as to the legal effect of which the plaintiff was entitled to have the jury instructed. In Railway v. Shirley, 31 S. W. Rep., 292, 89 Texas, it was said that "although the instruments relied upon by defendant as showing its title were assailed by plaintiff for fraud in their execution, it was the duty of the court to construe them, and instruct the jury as to their legal

effect, subject to their finding on the issue of fraud." The only question for the jury to pass upon with reference to such estimates was, whether defendant was entitled to have them set aside and held for naught upon the issue of fraud presented by his answer. Unless he prevailed upon this issue he was in law concluded by the estimates. Railway v. Henry, 65 Texas, 685; Railway v. March, 114 U. S. 549, 5 Sup. Ct. Rep., 1035; Jones v. Risley, 32 S. W. Rep., 1027.

We therefore answer that it was not error to instruct the jury that the presumption was in favor of the correctness of the estimates.