## M. MALONE v. J. S. MAYFIELD ET AL.

### Delivered May 2, 1896.

**Mechanic's Lien—Architect's Certificate as Evidence.**

A building contract provided that upon failure of the contractor to complete the building, the owner might do so, and deduct the cost from the contract price remaining unpaid, and that the certificate of the architect as to the cost of completing the building should be conclusive upon the parties. Held, in an action against the owner by persons seeking to enforce a mechanic's lien for material furnished the contractor, he having defaulted, and the owner having finished the building, that such certificate was conclusive, and was admissible without the production of the architect's plans and specifications.

APPEAL from Clay. Tried below before Hon. GEO. E. MILLER.

*Stine, Chesnutt & Hurt,* for appellant.

*Templeton & Patton,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—By this suit J. S. Mayfield and others sought to foreclose their several liens for material furnished Squires & Kilgore and used by them in the construction of a couple of brick houses for appellant on adjacent lots in the town of Henrietta. The contract between appellant and Squires & Kilgore was written, and required the latter to furnish all labor and material and complete the buildings by December 1, 1892, according to plans and specifications therein referred to, for which the former obligated herself to pay them $6650, as follows:

"When first story joists are on ........................$ 600.00
When second story joists are on and iron work set...... 1600.00
When plastering is done and all sash in.............⁚.... 900.00
When complete and accepted by the architect and owner. 2350.00"

Squires & Kilgore failed to complete the buildings, and seem to have abandoned the undertaking in the early part of January, 1893; whereupon appellant employed Ferrier Bros. & Wirz to finish the work, which they did, under the following contract:

"HENRIETTA, TEXAS, Jan. 14, 1893.
"I hereby agree to employ Messrs. Ferrier Bros. & Wirz to furnish all necessary labor and material to complete said building and to complete it in accordance with the plans and specifications, and to pay them therefor the actual costs of said work and material and the sum of three

hundred ($300) dollars for their own time and labor. Provided, how-
ever, that all claims are audited by the architects and certified to by
them as correct, payments to be made every two weeks upon certificates
issued by the architects.

(Signed)        "MARGARET MALONE.

"FERRIER BROS. & WIRZ.

The original contract with Squires & Kilgore contained the following
article:

"12. Should the contractors at any time refuse or neglect to supply a
sufficiency of properly skilled workmen, or of material of proper quality,
or fail in any respect to prosecute the work with promptness and dili-
gence, or fail in the performance of any of the agreements on their
part herein contained, such refusal, neglect or failure, being certified by
the architects, the owner shall be at liberty, after three days' written
notice to the contractors, to provide any such labor or material and to
deduct the cost thereof from any money then due or thereafter to
become due to the contractors under this contract; and if the architects
shall certify that such refusal, neglect or failure is sufficient ground for
such action, the owner shall also be at liberty to terminate the employ-
ment of the contractors for said work, and to enter upon said premises
and take possession of all material thereon, and to employ any other
person or persons to finish the work and to provide the material there-
for; and in case of such discontinuance of the employment of the con-
tractors, he shall not be entitled to receive any further payment under
this contract until the said work shall be wholly finished, at which time,
if the unpaid balance of the amount to be paid under this contract shall
exceed the expense incurred by the owner to the contracts, but if such
expense shall exceed such unpaid balance, the contractors shall pay
the difference to the owner. The expense incurred by the owner as
herein provided, either by furnishing material, or for finishing the
work, and any damage incurred through such default, shall be audited
and certified by the architects, whose certificate thereon shall be conclu-
sive upon the parties."

Appellant read in evidence the certificates of the architects named in
this original contract, showing that it had cost her $2900 to have the
buildings completed by Ferrier Bros. & Wirz, but they were excluded
on motion of appellees because the original plans and specifications,
which were in possession of the architects, had not been produced. To
this ruling the thirteenth error is assigned, under which the following
proposition, which we approve, is submitted: "The certificates of the
architects of the amounts due Ferrier Bros. & Wirz for completing the
buildings were admissible, because by the original contract between
Mrs. Malone & Squires & Kilgore, the certificates of the architects as
to the cost of completing the buildings in the event Squires & Kilgore
abandoned the work, were to be conclusive."

By the very terms of the article quoted above from the original con-

tract, by which the rights of all parties are to be measured, these certificates were not only made competent but conclusive evidence of that for which they were offered, including the conclusions of the architects. No attack was made upon them for fraud or mistake.    Kilgore v. Society, 35 S. W. Rep., 145.

The mechanic's lien law expressly provides that in no case shall the owner be compelled to pay a greater sum for material furnished than the price stipulated in the original contract between the owner and the original contractor.    Sayles' Supplement, art. 3166.    Appellant had the right under the original contract to have the houses built as therein provided, and, in case of failure or refusal on the part of Squires & Kilgore to do so, to have it done herself and deduct from the original contract price the amount required to so complete the buildings, though it left nothing for those who sought to fix liens. Their rights were subsequent and subordinate to this right of appellant, of which they were bound to take notice in furnishing material to the contractors.    They could not vary or change that contract, but could have declined to furnish material under it.

We think the evidence was not only competent when offered by appellant, with or without the plans and specifications, but do not very well see how appellees could have clearly made out their case without showing what it had cost appellant to complete the buildings according to the plans and specifications, it not distinctly appearing from the evidence that a sufficient amount had been paid on the orders of Squires & Kilgore after appellees had given notices of their liens to cover the total amount of these liens as adjudged in this case.

Some of the charges complained of seem also to be at variance with the views here expressed.    The judgment must therefore be reversed and the cause remanded for a new trial.

*Reversed and remanded.*