POPE et al. v. JOSCHKE. (No. 6514.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 16, 1921. Rehearing Denied March 23, 1921.)

1. Contracts ⬅198(6), 281—Contract to drill 30 "barrel" water well meant barrels of 31½ gallons; right to "test" did not give owner absolute right to determine sufficiency.

In view of Acts 36th Leg. (1919) c. 130, where plaintiff contracted to bore for defendant a water well yielding sufficient water to fill 30 barrels each day, the word "barrel" as used in the contract meant a barrel of 31½ gallons, the standard United States measure except as to barrels of petroleum, and the provisions of the contract giving defendant right to test the capacity of the well for not exceeding 90 days did not give her absolute power to determine unappealably whether there was insufficient water.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Barrel; Test.]

2. Customs and usages ⬅5—Merely local custom not to be read into contract.

That barrels of a possible capacity of 50 gallons each were being used in the neighborhood where the parties to a well-boring contract lived did not prove that either of the parties had such receptacles in contemplation when they contracted concerning the number of barrels of water which should be the daily flow from the well.

3. Contracts ⬅281—Tests of well to be binding must have been reasonable and conducted with due care.

Defendant's tests of the capacity of a water well drilled for her by plaintiff in order to be binding on plaintiff must have been reasonable and conducted with due care.

4. Contracts ⬅322(3)—Evidence sufficient to justify rejection of test of capacity of water well.

In suit to recover for drilling a 30 barrel a day water well, evidence *held* sufficient to justify the jury in rejecting the test of the well made by defendants to determine whether the well came up to capacity, they claiming that the test showed it did not do so.

Appeal from District Court, Travis County; George Calhoun, Judge.

Suit by H. Joschke against J. B. Pope and others. From judgment for plaintiff, defendants appeal. Affirmed.

Fiset & Shelley, of Austin, for appellants.

George S. Dowell and Dickens & Dickens, all of Austin, for appellee.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

FLY, C. J. This suit was instituted by appellee against Miss M. S. Pope, to recover $1,100 for boring a well and $522.10 for the value of the casing in the well. The suit was based on a written contract, in which appellee bound himself to bore a well on a tract of land belonging to Miss Pope, which would have a daily flow of 30 barrels of water, the casing therein to be five inches, and the owner of the land was permitted a test of 90 days of the well after its completion. Pending the litigation, Miss M. S. Pope died, and upon suggestion of her death the appellants herein, John B. Pope, Minnie Pope Watson and her husband, A. O. Watson, were made parties defendant. They admitted the execution of the contract, but denied performance of the terms of the contract on tne part of the appellee, in that a test of the well after its completion showed that it produced greatly less than 30 barrels daily, it being claimed by appellants that "barrel" as used in the contract meant 50 gallons. Appellee in a supplemental petition claimed that "barrel" as used in the contract meant 31½ gallons. This was the only material issue in the case, which was submitted on special issues and on their responses thereto that the barrel contemplated by the contract was 31½ gallons, and the test of the well showed a flow of 1,220 gallons daily, judgment was rendered in favor of appellee against appellants for $1,622.10, with interest at 6 per cent. from January 1, 1919, and costs of suit.

[1, 2] There was ample testimony to justify the finding of the jury that "barrel" as used in the contract meant 31½ gallons. In Webster's New International Dictionary it is said, "In the United States a barrel, liquid measure, is usually 31½ gallons"; the exception to the rule being a barrel of petroleum which contains 42 gallons. The lawmaking power of Texas recognized this definition of a barrel as used in regard to liquids, in an act of the Thirty-Sixth Legislature. Gen. Laws 1919, Reg. Session, p. 232. No authority has been shown that recognizes 50 gallons as a barrel, and the evidence did not tend to show that such a barrel was intended by the parties to the contract. Because vessels of a possible capacity of 50 gallons each were being used in the neighborhood where the parties to the contract lived did not prove that either of the parties had such receptacles for water in contemplation when they made the contract. The contract provided:

"In the event by boring of such a well a supply of water be obtained sufficient to fill thirty (30) barrels each and every day then said first party is permitted to test the capacity of said well for a period not exceeding ninety (90) days, and whenever at or before the expiration of said ninety (90) days the said supply be found of a sufficiency to fill thirty (30) barrels each and every day then the first party agrees to pay to the second party at Austin, Travis county, Texas, the sum of eleven hundred dollars ($1,100.00)."

It is the contention of appellants that the clause copied from the contract gave Miss Pope the absolute power to determine whether there was sufficient water, from whose decision there could be no appeal in the absence of allegation and proof that she was guilty of fraud in making the test. We do not think that a legitimate or reasonable construction to be put upon the contract. In this case the testing of the well was permitted to Miss Pope, but there is nothing in the contract that tends to show that whatever test she might make should be conclusive and final. Even under the test made by her the well did not fall short of the required amount, and although she may have acted in good faith in her test, appellee would be permitted to show that the test was not properly made, and that the well produced the required amount of water. There was no agreement as in the case of Kilgore v. Baptist Society, 89 Tex. 468, 35 S. W. 145, that the findings of some one should be conclusive. The estimates of the architect in that case had the conclusiveness of judgments.

[3] In this case Miss Pope, in making the test, construed the contract to mean barrels of 50 gallons each, and her imperfect test proceeded on that theory and she rejected the well on that same theory. However, she was not given the sole power to construe the contract and adopt measurements which she read into the contract. Railway v. Henry, 65 Tex. 685. In the cases cited by appellants, third parties were given authority to decide certain matters in connection with the contract, but we have seen no case where it is held that, in the absence of fraud, the rejection by a party to the contract to matters required by it cannot be inquired into. If the test was not satisfactory to Miss Pope, appellee had the right to show that her dissatisfaction was unreasonable or founded and based upon an insufficient test. The test, in order to be binding, must have been reasonable and conducted with due care. Fessman v. Barnes, 108 S. W. 170. Appellants, as a defense, alleged that the well had been tested, and that it did not fulfill the demands of the contract, and appellee had the right to assail evidence on that score by showing that the well had fully met the terms of the contract. Appellants made the sufficiency of the water an issue in the case, and cannot be heard to say that their decision that the water was not sufficient was infallible, and that appellee could not attack that decision. The first, second, third, fourth, and seventh assignments of error are overruled.

[4] The fifth and sixth assignments of error are overruled. There was nothing in the evidence tending to show that the minds of

the parties failed to meet when making the contract. They contracted for 30 barrels of water daily, and there was nothing to indicate that one contracted for barrels of 50 gallons and the other for barrels of 31½ gallons. No authority is given for 50 gallons of water being a barrel, but American dictionaries united in making 31½ gallons a standard barrel. The only other barrel mentioned is the English barrel, known as the "imperial barrel," which contains 36 gallons. A tierce of wine formerly was 42 gallons, and no barrel has ever been known to contain 50 gallons. It does not matter that J. B. Pope or Hiser, or any other, may have thought that vessels which had contained tierces of lard were what was intended by barrels, there was no evidence tending to show that the contracting parties had those vessels in view.

The test of the well made by appellants was a very unsatisfactory one, and the jury was fully justified in rejecting it. In measuring the water two carbide cans were used, and, although the witness, Thomas Decrow, called them 11-gallon cans, they were not shown to contain 11 gallons, except by the testimony of W. M. Woods, who stated that "according to my measurement they held 11 gallons." The lard barrels were not used in measuring, although in common use in the neighborhood, according to appellants' evidence. Appellee tested the well with a meter, and it showed a flow of 36 barrels and 20 gallons in 6 hours and 30 minutes, and he swore that the well would produce over 36 barrels every day. J. B. Wallace swore that he tested the well with 10-gallon buckets, and it produced 1.300 gallons in 8 hours. The meter was obtained at the city hall in Austin, and it was shown to be in good working order, and one of the men of the water department who had charge of it, and had been using meters for 9 years, swore that the meter used by appellee was the best made. That witness read the meter, and it registered, 1,820 gallons, 320 gallons more than required if 50 gallon barrels were intended.

The judgment is affirmed.