## CITY OF LUFKIN v. HARRELL.
### (No. 1138.)

(Court of Civil Appeals of Texas. Beaumont. July 14, 1924. Rehearing Denied Oct. 15, 1924.)

**1. Municipal corporations ☞365—Acceptance of paving work conclusive on abutting owner.**

City's acceptance of paving work *held* conclusive, under its contract with abutting owner, as against latter's claim that material and work was not in accordance with plans and specifications of city's contract with paving contractor, in absence of fraud.

**2. Municipal corporations ☞365 — Fraud in acceptance of work may be shown by permit to use wrong material.**

Abutting owner, sued by city on his contract to pay share of cost of paving, need not show evil motive or fraudulent intent to sustain defense of fraud in accepting work not

conforming to plans and specifications, but need only show that city permitted use of material that no honest man, with due regard for rights of all concerned, would have used.

**3. Municipal corporations ⟨⟩⟩365 — City held entitled to recover for paving with other material than specified.**

City permitting contractor, after exhaustion of material specified as paving base, to use material of at least equal merit, and exhausting all reasonable efforts to provide pavement, in substantial compliance with its obligations under contract with abutting owner, *held* entitled to recover paving cost thereunder as matter of law.

Appeal from District Court, Angeline County; L. D. Guinn, Judge.

Suit by the City of Lufkin against C. H. Harrell. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Mantooth & Denman, Poston & Seale, and R. E. Minton, all of Lufkin, for appellant.

Fairchild & Redditt, Collins & Collins, and E. J. Conn, all of Lufkin, for appellee.

WALKER, J. This suit was instituted by appellant against appellee to recover the cost of paving the street in front of his property. The suit was upon an express contract, by the terms of which appellee was due $395. Appellant prayed for judgment for the amount of its claim and for a foreclosure of the contract lien on the property in question.

The answer consisted of the usual demurrers, a general denial, and a special plea, to the effect that the paving was not done in accordance with the terms of appellant's contract with the paving contractors and his contract with the appellee. The allegations of the answer were to the effect that the work was defectively done and of inferior material, and that appellant perpetrated a legal fraud upon appellee in accepting the work.

The case was submitted to the jury on the following special issue, answered as indicated:

"Did the city of Lufkin substantially comply with the contract to put the paving down on Ellis and Dozier avenues in accordance with the plans and specifications as the same existed on July 27th, 1920?"
Answer: "No."

Conclusions of Fact.

In 1920 appellant entered into a written contract with Hayden & Austin and R. B. Shearer to pave certain of its streets. This contract set forth, in detail, the character of material to be used, the manner of doing the work, and full plans and specifications to insure a high grade paving. It was expressly agreed in the contract that Corrigan rock could be used in making the "water bound macadam base" called for, but also stipulated for alternative material. After the execution of this contract, with Hayden & Austin and R. B. Shearer, appellant entered into to contracts with appellee and others of its citizens owning property abutting on the streets to be improved, reciting the execution of its contract with Hayden & Austin and Shearer, the terms and conditions, making the same in effect a part of its contract with its citizens, and further stipulating:

"Therefore, in consideration of the improvements, including grading, excavation, foundation, paving, and guttering the roadway and curbing along the streets above named, to be constructed by virtue of and in accordance with said contract and specifications, we do promise to pay, for value received, to the city of Lufkin, Tex., its successors or assigns, whatever sum shall be ascertained to be the pro rata share of the cost of said improvements in front of said premises, according to the front foot rule under the terms of said ordinance, contract, and specifications, and the charter of said city, same being the sum of ɸ197.50. dollars ($197.50), for paving, excavating, foundation, and the construction of concrete gutters in front of said premises, and being at the rate of $3.95 per front foot for said paving, including excavating, foundation, and guttering, and curbing, but, if the frontage of said premises on said streets shall be ascertained to exceed the frontage above stated, then the cost of improvements in front of said excess shall be paid to the said city of Lufkin at said rate per front foot, and, if the frontage shall be determined to be less than above stated, then a deduction shall be made from the amount payable hereunder at the said rate per front foot.

"The amount due hereon shall be paid as follows: $197.50 due on or before 40 days from the commencement of actual work of paving said Dozier avenue.

"If default be made in the payment of any installment of principal or interest when due, at the option of said city or its assigns or other legal holder thereof, the whole amount then unpaid hereon shall at once become due and collectible.

"And in consideration of said improvements to and upon said premises, and the fact that the value thereof will be enhanced in excess of the cost, we, C. H. Harrell and ―――― husband and wife, the undersigned, in order to secure to the said city of Lufkin, Tex., the payment of the sums of money hereinafter specified, do hereby give and grant to the said city of Lufkin, Tex., its successors or assigns, and the said city hereby retains a valid existing mechanic's, materialman's, laborer's, and contractor's liens, equities, securities and interest upon and in and to said premises, lots, and improvements situated thereon as hereinabove described as being owned by us.

"It is agreed that the acceptance of said improvements by the city shall be conclusive between the parties hereto of the proper performance of the contract therefor, and in consideration hereof, and of the extension of the time of payment of the said sums of money hereby granted, all proceedings with reference to the work and contract therefor are here-

by expressly ratified and confirmed, and any errors·or invalidity therein are hereby waived."

In due time the contractors began laying the pavement, using Corrigan rock in making the "water bound macadam base." However, this rock was soon exhausted, and for finishing the work it was suggested that Galveston mud shell and limestone, in the proportions of two to one, be used for the base. There was nothing in the contract permitting the use of shell. However, the city entered into negotiations with the contractors on this change in the material, and after a thorough investigation of the shell and limestone, after going to Houston and personally inspecting pavement made from that material, after consulting with recognized engineering authorities, and after laying a small strip of pavement from this material, appellant permitted its contractors to finish the work by constructing the macadam base from shell and limestone. In doing this, appellant exhausted all available means to test this material and was actuated by no improper motives. There is not a suggestion of actual fraud nor of bad faith against appellant in permitting this change in the material, but, without a scintilla of evidence to the contrary, the record shows that, with a due regard for its own interests and for the interests of its citizens, it changed the contract, believing that it would get a pavement as good as contemplated by the terms of the contract. We think the record reasonably shows that the pavement constructed from the shell and limestone was equal, if not superior, to the pavement constructed from the Corrigan rock, but inferior to one constructed from the alternative materials named. If the base as constructed is protected by the topping called for, its life will be indefinitely extended, just as long as the topping is kept in repair, but if the topping is neglected the base as constructed would soon give way, as would the base, had it been constructed in accordance with the plans and specifications.

### Conclusions of Law.

[1] The provision of the contract,

"It is agreed that the acceptance of said improvements by the city shall be conclusive between the parties hereto of the proper performance of the contract therefor,"

—made the acceptance of the work by appellant conclusive as against any claim on the part of appellee that the material used in the work and the work done was not in accordance with the plans and specifications given in the contract, in the absence of a showing of fraud. Berwind v. G. & H. Inv. Co., 20 Tex. Civ. App. 426, 50 S. W. 413

[2, 3] It was not necessary for appellee to show an evil notice or fraudulent intent on the part of appellant, but he could have sustained his defense by showing that appellant permitted the use of material in constructing the pavement that no honest man, having due regard for the rights of all parties concerned, would have used. Such a showing would have been "sufficient to warrant an inference of fraud in the acceptance of the work," and thereby precluded a recovery. Blome Co. v. Herd (Tex. Civ. App.) 185 S. W. 53. But there is not a scintilla of evidence raising the issue of actual fraud, and, when the pavement constructed from the mud shell and limestone was compared with that constructed from the Corrigan rock, specially authorized, we find that appellee was given a pavement, while not in compliance with the contract, at least of equal merit with the Corrigan rock pavement.

We find in the record no evidence raising an issue against an honest effort on the part of appellant to protect appellee's interests. While appellant permitted a novation in the contract, it exhausted all reasonable efforts to protect appellee in the novation, and to give him a pavement, from the standpoint of merit, in substantial compliance with its obligations to him.

Under the terms of the contract, the acceptance of the pavement by appellant was a special finding that its contract with appellee had been executed (Kilgore v. Baptist Educational Society, 89 Tex. 465, 35 S. W. 145), and, as there was no showing of actual fraud and no evidence raising an inference of fraud against appellant, its motion for an instructed verdict should have been granted.

Accordingly, we here reverse the trial court's judgment in favor of appellee, and render judgment in favor of appellant for the relief prayed for.