## HEAD v. SCURR.   (No. 11961.)

Court of Civil Appeals of Texas. Fort Worth.
April 28, 1928.

Rehearing Denied May 26, 1928.

1. Municipal corporations ☞434(5)—Lien for paving assessment could not be fixed against homestead except with consent of owner and by compliance with law (Const. art. 16, § 50).

Under Const. art. 16, § 50, lien for paving assessment could not be fixed against homestead by municipal ordinance or municipal contract or otherwise, except with consent of owner, and then by complying with certain provisions of law.

2. Evidence ☞589, 590—Court or jury may disregard testimony of party to suit or of interested witnesses.

Trial court trying case, or jury, may disregard or disbelieve testimony of party to suit or of interested witnesses.

3. Municipal corporations ☞568(3)—In suit by assignee of contractor to recover for paving assessment, evidence justified finding that paving was worthless and conferred no benefit on property.

In suit by assignee of contractor to recover balance due on paving assessment and for foreclosure of assessment lien, evidence justified finding that paving was worthless and conferred no benefit on abutting property owners.

4. Municipal corporations ☞358(3)—City was not precluded from rescinding action of approval of paving based on mistake of fact.

Where city engineer approved paving and accepted work as being in compliance with contract, and board of commissioners confirmed approval, both upon a mistake of fact, city was not precluded from rescinding its action of approval based upon such mistake of fact.

5. Municipal corporations ☞568(3)—Evidence justified finding that paving was not done according to specifications, and that city engineer's acceptance was made without proper investigation or on mistake of fact and was not binding on city.

In suit by assignee of contractor to recover balance due for paving assessment and for foreclosure of assessment lien, evidence authorized finding that work was not done according to specifications, and that acceptance of work by city engineer was made either without proper investigation or upon a mistake of fact, and was not binding on city.

6. Municipal corporations ☞358(3)—City could rescind its action of approval of paving, despite remedy available on maintenance bonds filed by contractor.

City could rescind its action of approval of paving despite remedy available on construction and maintenance bonds filed by contractor, since city was not required to rely on bonds to exclusion of any other remedy.

7. Municipal corporations ☞358(3)—City's acceptance of paving work is not conclusive on abutting property owners when work is defective and acceptance is induced by misrepresentations.

Acceptance by city of paving work is not conclusive on abutting property owners when work is defective in its nature and deviates from contract and where acceptance is induced by misrepresentations on part of contractor.

Error from District Court, Tarrant County; J. E. Mercer, Judge.

Action by J. W. Head against T. C. Scurr, in which the City of Fort Worth intervened. Judgment for defendant, and plaintiff brings error. Affirmed.

Hyer & Christian, of Fort Worth, for plaintiff in error.

Samuels & Brown, T. J. Renfro, and A. M. Herman, all of Fort Worth, for defendant in error.

BUCK, J. This suit was instituted by plaintiff in error, J. W. Head, as assignee of the Texas Rawhide Paving Company, to recover from defendant in error, T. C. Scurr, the balance due on an assessment, together with attorney's fees and costs, for paving work done by the Texas Rawhide Paving Company on Jerome street in front of property of said defendant in error, and for foreclosure of the assessment lien against said property for said street improvement.

Plaintiff's petition alleged the execution of a contract between the Texas Rawhide Paving Company and the city of Fort Worth for the performance of said street improvement, that the cost thereof had been assessed, by ordinance of the board of commissioners of Fort Worth, against the abutting property and the owners thereof, and that all prerequisites to such assessments had been complied with, that the work had been fully performed and had been inspected and accepted by the city engineer, who reported to the board of commissioners that the work had been completed according to specifications and had been approved by him; that on the 6th day of November, 1923, the board of commissioners adopted a resolution approving the city engineer's report, and accepting the said work; that on the 26th of November, 1923, a motion was carried at a meeting of the board of commissioners declaring that their former action on November 6, 1923, accepting said work, was made void and rescinded. Plaintiff alleged that the action of said board attempting to set aside the acceptance of said work was null and void, as the said board had no legal right to deprive said Texas Rawhide Paving Company or its assignee of the legal rights that were vested in said paving company or its assignee by the acceptance of

said work, and said board had no right or power to rescind its former action accepting said pavement; that said attempted rescission was undertaken by said board without any sufficient grounds, excuse, or basis therefor in law or in fact, but was an unreasonable and arbitrary action and without legal effect.

Plaintiff pleaded, in the alternative, that, if in fact said action by the board of commissioners on November 26, 1923, had the effect of setting at naught the acceptance of said work by said board, nevertheless said work was performed by said contractors in compliance with the contract and specifications, and was duly accepted by the city engineer, who reported to the board that said work had been completed in compliance with the specifications; that the failure of the board to accept and approve the work was unreasonable and arbitrary and without any sufficient cause or excuse; that said contractors performed said work, and carried out their obligations under said contract, and became entitled to the acceptance of said work by said board at the time when said report of the city engineer was submitted to and acted upon by said board on November 6, 1923; that thereupon the legal and equitable right of said contractors and their said assignee to payment for said work accrued, and the defendant became obligated to pay the amount of said assessment at the times specified in the assessment ordinance, to wit, in three equal installments, in thirty days, one year and two years, respectively, after November 6, 1923, with interest thereon at 8 per cent. per annum from said date.

The answer of defendant pleaded in abatement that the paving of Jerome street in Fort Worth had not been accepted by the city of Fort Worth, as provided for in the written contract between the city of Fort Worth and the Texas Rawhide Paving Company, assignor of plaintiff, or as provided for in the ordinance passed by the city of Fort Worth for the paving of said street, or as provided for by section 14, c. 14, of the charter of the city of Fort Worth, which was in force and effect at that time; nor had any paving certificates been issued, as provided in section 15, c. 14, of said charter, which acceptance, as well as the issuance of said paving certificates, was a necessary prerequisite to plaintiff's right to maintain said cause of action against defendant. Defendant further pleaded that said property was his homestead and not subject to a lien for such improvements.

Defendant further pleaded that the improvements had not been accepted by the city of Fort Worth, or, if it be true that the board of commissioners did accept said improvements, same was done by mistake on the part of the city of Fort Worth, or that, in accepting said improvements, said city was so grossly negligent that the same amounted to fraud; that such mistake and gross negligence consisted in permitting said paving company to construct said improvements on Jerome street in such a manner that said improvements never constituted a paved street of any worth or value whatever; that said paving, very soon after same had been laid, developed holes in which water accumulated and stood, and said paving became soft and permitted vehicles passing over to sink into same; that said paving has at all times been brittle and crumbled into small particles and will not support the weight of traffic passing over same, and has at all times been rough and uneven and unfit for the purpose for which it was constructed and for travel; that it became necessary for the city of Fort Worth to mend and patch said pavement, all of which conditions said city, by the use of reasonable care or diligence, could have ascertained, and for which reasons it should not have been accepted by said city, if it ever was accepted; which defendant denied; that at a meeting held on November 26, 1923, the board of commissioners refused to accept said paving and said city still refuses to accept same.

Defendant pleaded that the consideration for plaintiff's demand had failed; that, before the laying of said pavement, said street was graveled and was as good a street in every way as after the laying of said paving; that said pavement had not benefited defendant or his property; that the curbing was defective; and that plaintiff had knowledge of all said facts at all times.

Other pleadings were filed by both plaintiff and defendant, but what has been stated, we think, is sufficient to show the grounds pleaded for recovery and the defense pleaded. The city of Fort Worth filed a motion alleging that it did not authorize the use of its name as a party plaintiff, and asked the court to dismiss it from the suit as a plaintiff, which was done by the court, and subsequently intervened as a party defendant.

The case was tried before the court without the intervention of a jury, and at the conclusion of the testimony the court rendered a judgment for the defendant. In the judgment, the court found that the paving was not done and performed in a good and workmanlike manner, as required by the contract of assignor of said plaintiff, and that said work was wholly defective and worthless, and that same conferred no benefits, by reason of its defective nature, upon the abutting property. The court further found that said J. W. Head succeeded to the rights of the Texas Rawhide Paving Company, the original contractor, with notice of the requirements of said contract and with notice of the defective character of the work that had been done and per-

formed thereunder; that the resolution of acceptance, passed by the city commission of Fort Worth on November 6, 1923, was caused by a mistake of fact on the part of the governing body of the city as to the manner in which said paving was done, and that at the time such resolution of acceptance was passed¹ said work was wholly defective and incomplete and had not been done and performed in a good and workmanlike manner, and was in no respect binding on the owners of property abutting on said street. The court further found that the resolution passed on November 26, 1923, in which the previous resolution of acceptance was rescinded, and the work of Jerome street on the part of plaintiff and his assignor was rejected, was passed and adopted by the city of Fort Worth in good faith and in the honest purpose to protect the said city of Fort Worth and the property owners having property abutting on said Jerome street, because of the defective nature of the work, and, further, that the work was not done in a good and workmanlike manner, but was wholly defective and worthless. The court further found that the resolution rejecting said work and rescinding said prior resolution under the facts was not only justifiable and warranted, but was requisite in the premises on the part of the city, "by reason whereof said latter resolution is hereby ratified by the court and adjudicated to be the only resolution which would legally affect the performance of said work." From this judgment the plaintiff has appealed.

### Opinion.

[1] At the threshold of a discussion of the propositions and assignments contained in appellant's brief, we are of the opinion that at least no lien could have been fixed against appellee's property, inasmuch as he pleaded that the property was the homestead, and the evidence fully sustains this allegation. Except for taxes, or for the purchase price thereof, no lien can be fixed against the homestead by municipal ordinance or municipal contract, or otherwise, except with the consent of the owner thereof, and certain provisions of law must be complied with in the latter case before the lien may be fixed. Article 16, § 50, State Constitution. It was recently held by this court, in L. E. Whitham & Co. v. Hendrick, 1 S.W.(2d) 907, that the remedy of injunction is available to the home owner to prevent the fixing of a lien against the homestead for pavement improvement. A writ of error has been denied in this case. But it is possible that a personal obligation against the home owner may be fixed by reason of the state laws and the ordinances of the city of Fort Worth pertaining to the making of contract for paving. Therefore we will discuss some of the assignments urged by appellant.

[2] The first proposition is that "the evidence in this case conclusively establishes that the paving work in question had been performed and completed in accordance with the requirements of the contract and specifications therefor." The only witness that testified for plaintiff was Dr. J. W. Head, who was president of the Texas Rawhide Paving Company, and who had superintended the paving work done, and he testified to a substantial compliance with the specifications contained in the contract as to the material to be used and the work to be done. But a trial court, when a case is tried before a court, or a jury, may disregard or disbelieve the testimony of a party to the suit, or of interested witnesses. H. E. & W. T. Ry. Co. v. Runnels, 92 Tex. 307, 47 S. W. 972; Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447, and many other cases.

A number of witnesses testified for the defendant, to the effect that the paving done was very defective; that soon after the paving was laid it began to give way in numerous places and holes appeared, which held water when it rained, and that the paving was crumbly and could be kicked up by the feet of pedestrians, etc. One witness testified that Dr. Head came to see him and tried to satisfy him; that he said, "It seems like you are the one that is blocking this;" that he would like to know, if the witness was not satisfied that it was a first-class job, what said witness would be willing to pay to settle his part.

[3] We do not feel that we can disturb the judgment on the theory that the uncontradicted evidence shows that the work was done in a workmanlike manner and according to the terms of the contract. Certainly the city, in making the contract with the paving company, did not contemplate that the work would be done in such a manner as is here shown. We think the court was justified in finding that the paving was worthless, and conferred no benefit on the abutting property owners.

We do not think that the approval by the city engineer, prior to the acceptance by the city commissioners on November 6, 1923, was conclusive. The contract between the city of Fort Worth and the paving company contained the following provision:

"That all disagreements, disputes, or controversies of any kind, between parties hereto, relative to the proper performance of this contract, including the materials used or in the manner or methods of performance, shall be submitted for decision to the city engineer, whose judgment when rendered shall be conclusive between them."

This clause plainly has reference to disputes or controversies between the city of Fort Worth and the Texas Rawhide Paving Company. The contract further provides:

"That said contractor agrees to furnish all labor, tools, material, and machinery and to pay and construct in a good and workmanlike manner, in strict accordance with the specifications for the said work by the city engineer," etc.

[4] If the city engineer of the city of Fort Worth approved the paving and accepted the work as being in compliance with the terms of the contract therefor, and the board of commissioners confirmed such approval, both upon a mistake of fact, as appears in the record to have been the case, then we do not believe that the city of Fort Worth would be precluded from rescinding its action of approval based upon such mistake of fact. In McQuillin on Municipal Corporations, col. 2, § 613, it is said:

"In accordance with the doctrine of the last section, the legislative body of the corporation, or any board or department thereof, possesses the unquestioned power to rescind prior acts and votes at any time thereafter until the act or vote is complete, provided vested rights are not violated, and such rescission is in conformity to the law applicable and the rules and regulations adopted for the government of the body."

We do not think that any vested right accrued to the plaintiff or to its assignor, by virtue of the approval of the work done by the city engineer and the confirmation of the approval by the city commissioners, under the facts shown, based as they were on a mistake of fact. The second vote or resolution of the city did not attempt to rescind the contract theretofore made with the Texas Rawhide Paving Company, but merely to rescind the act of approval of the work done. We believe that the city had authority to do this, and that the only remedy that plaintiff has was to enforce any right he had under the law to collect his debt. John Alderman, one of the city commissioners during the year 1923, testified that he offered a motion that the action of the commission on November 6th be rescinded; that, in offering the resolution, he was acting in the capacity of one of the commissioners of the city of Fort Worth; that the motive which impelled him to make that resolution and have it adopted grew out of the way in which the street was paved; that he had seen the street, and that in his opinion it was not in a very good condition for a finished job; that the condition of the street was not very good with reference to its fitness for traffic and travel when he observed it just prior to the time the resolution in question was offered; that the street had "chug" holes in it, and it was very wavy; that he stated to the commissioners the condition in which he found the street to be.

Chester Jones testified that Mr. Alderman told him that different residents who lived in the vicinity of this street had told Alderman that it was not in first-class condition, and that they did not want to accept it; that he thought it was for the best interest of the city and the residents in rescind the action, and he voted accordingly; that he was not doing so by reason of any hatred or any prejudice or ill will, but was doing so in the discharge of his duty as one of the commissioners of the city of Fort Worth.

In City of Lufkin v. Harrell (Tex. Civ. App.) 265 S. W. 179, the court said:

"It was not necessary for appellee to show an evil motive or fraudulent intent on the part of appellant, but he could have sustained his defense by showing that appellant permitted the use of material in constructing the pavement that no honest man, having due regard for the rights of all parties concerned, would have used. Such a showing would have been 'sufficient to warrant an inference of fraud in the acceptance of the work,' and thereby precluded a recovery. Blome Co. v. Herd (Tex. Civ. App.) 185 S. W. 53" (by this court).

The Court of Civil Appeals, however, concluded that there was no evidence of fraud, and reversed the judgment for appellee, and rendered judgment for appellant. The Commission of Appeals, however, in 280 S. W. 174, reversed the Court of Civil Appeals' judgment, and affirmed the judgment of the district court. The Commission of Appeals said:

"It is unquestionably true that parties to an executory contract may include in their agreement a provision designating a person or agency to supervise the work to be done or the materials to be used, and to inspect the same and report as to compliance, or not, of the work or materials, or both, with the contractual requirements, and they may give the supervisor's acts and decisions res judicata effect. * * * But whenever that effect is claimed, an inquiry about the scope of the referee's power immediately projects itself; his acts beyond that scope are coram non judice, plainly, and perhaps in a stricter sense than is applicable to analogous judgments of courts. * * * The inquiry exists regardless of presence (or absence) of contentions of fraud, gross mistake, etc.; and, if the act done, or the decision made, is beyond the authority conferred, it lacks any element of conclusiveness, though done in utmost faith and with proper skill. Id. He is not empowered to interpret the contract differently from its proper meaning, or to act 'upon such construction as he may choose to give it'; and (save in exceptional cases, at least) he is not made the arbitrator to whom 'is referred differences as to the meaning of the contract; and he cannot adopt rules of measurement,' etc., * * * all of which means, of course, that he cannot make a new contract for the parties. Id. Application of these principles to the city's 'acceptance' here dispels its supposedly binding effect."

In Rudolph S. Blome v. Herd, 185 S. W. 53, writ of error refused, this court said:

"For the purpose of the present discussion, it may be conceded that a city engineer's act in approving an improvement of the character under consideration, when done in good faith

and with due regard to the rights of the abutting property owners, will be conclusive as against all attacks dependent upon matters of judgment and honest differences of opinion as to the character of the work; but it ought not to be so held, we think, for the departures from specifications are so great as to amount to an inference of fraud, or to constitute the work done substantially a different work from that contracted for."

In the case of Kilgore v. North West Texas Baptist Educational Society, 89 Tex. 465, 35 S. W. 145, it is said:

"It was proper for the court to instruct" the jury "that the law presumed" the findings of the architect "correct in the first instance, leaving to the jury the question whether defendant had shown such facts as would in law destroy the findings of the architect."

In Boettler v. Tendick, 73 Tex. 488, 11 S. W. 497, 5 L. R. A. 270, the Supreme Court said:

"Their certificates, given from time to time, and at the completion and acceptance of the work, were decisions that the house was built in accordance with the contract, and, in the absence of bad faith on the part of the architects or of concealment of defects in the workmanship or material by the builder, their decision thus made ought to be held binding upon the parties."

The decisions uniformly hold that the acceptance by an engineer is not conclusive as to the property owners where such work has been done in a defective manner, or where the work and materials are of such defective character that an honest man with due regard for the rights of others would not approve same, or where there is a deviation from the contract of such a nature as to raise an inference of fraud.

[5] We believe that in the instant case the trial court was authorized in finding that the work had not been done according to specifications, and that the acceptance of said work by the city engineer was made either without proper investigation, or upon a mistake of fact, and that such acceptance would not bind the city to accept the work.

[6] The third proposition is that the evidence showed that construction and maintenance bonds were filed by the Texas Rawhide Paving Company, when the contract for the work in question was awarded to said company, and the remedy of the property owners and the city of Fort Worth was by suit on said bonds. We do not believe that they were required to rely on the bonds given, to the exclusion of any other remedy. We think the city of Fort Worth, through its commissioners, properly reconsidered its act of acceptance.

[7] The fourth proposition is to the effect that the trial court erred in holding that no benefits to the abutting property accrued by reason of the paving. The acceptance by the city of the paving work is not conclusive on abutting property owners when the work is defective in its nature and deviates from the contract, and where acceptance is induced on misrepresentations on the part of the contractor. See City of Lufkin v. Harrell (Tex. Civ. App.) 265 S. W. 179, Id., 280 S. W. 174, by the Commission of Appeals; Rudolph S. Blome v. Herd (Tex. Civ, App.) 185 S. W. 53. The case of Green v. Shanklin, 24 Ind. App. 608, 57 N. E. 269, holds substantially that fraud is shown when the officials of the paving company represented to the commission that the work had been done in a good and workmanlike manner.

We have carefully considered other propositions and assignments contained in appellant's brief, but believe that what we have said disposes of them.

All assignments are overruled, and the judgment is affirmed.