## STEHLICK et al. v. DOZIER CONST. CO.
### No. 7955.

Court of Civil Appeals of Texas. Austin.
Feb. 7, 1934.

Rehearing Denied Feb. 21, 1934.

T. Wade Potter, of Littlefield, and Robt. A. Sowder, of Lubbock, for appellant.

White, Taylor & Gardner, of Austin, for appellee.

McCLENDON, Chief Justice.

■ Appeal by Grissom, one of the defendants below, from an interlocutory order overruling a plea of privilege seeking to change the venue to the county of appellant's residence.

The suit was upon a mechanic's lien executed by appellant to secure the amount of a paving assessment which was made payable in Travis county, by the terms of the mechanic's lien instrument. With the exception of the point discussed below, the issues raised by the appeal are substantially the same as those decided by this court in Smith v. Dozier Construction Co., 66 S.W.(2d) 744.

■ Appellant's fourth assignment of error reads: "The stipulation in the purported lien that the acceptance of the improvements by the City shall be 'conclusive between the mak-er and the Dozier Construction Company as to the proper construction of such improvements, and all instructions and determinations of the City and its engineer or his representatives with reference to such improvements shall be binding upon the undersigned and said Dozier Construction Company. The recitals of any matter in any certificate to be issued by the City evidencing the assessment shall be prima facie proof of the matters so recited, in any suit upon such certificate or upon this contract' is void, being a limitation upon the power and jurisdiction of courts; efforts to alter the rules of judgments and of evidence, and are therefore void."

The cited authority (10 Texas Jur., p. 107) is not in point.

The quoted provision is analogous to those in building and construction contracts making certificates of architects and engineers conclusive or prima facie evidence of completion according to plans and specifications. Such provisions have been uniformly upheld in this state, except as against fraud, accident, or mistake. Boettler v. Tendick, 73 Tex. 488, 11 S. W. 497, 5 L. R. A. 270; Kilgore v. N. W. Soc., 89 Tex. 465, 35 S. W. 145; Carnegie·Public Library Ass'n v. Harris, 43 Tex. Civ. App. 165, 97 S. W. 520; Southern Surety Co. v. School Dist. (Tex. Civ. App.) 10 S.W.(2d) 786.

The order appealed from is affirmed.

Affirmed.