**DAVIS, Federal Agent, v. ETTER & CURTIS.
(No. 6733.)**

(Court of Civil Appeals of Texas. San Antonio. June 14, 1922. Rehearing Denied June 30, 1922.)

**1. Evidence ⬅77(5)—Failure to produce trainmen creates presumption their testimony would be unfavorable.**

Where plaintiff's evidence showed that his two mules were killed by being struck by a locomotive at a point where the view of the employees on the locomotive which struck the mules was unobstructed for 3,000 feet, the failure of the defendant, who alone knew the identity of the trainmen, to call them as witnesses, justifies a presumption that their testimony, if they had been produced, would have been unfavorable to defendant.

**2. Evidence ⬅78—Suppression of testimony is circumstance to be considered with others in reaching verdict.**

Though the failure of a defendant to produce evidence which it was within his power to produce does not wholly relieve plaintiff from the burden of proving his case, that fact may be taken as a strong circumstance, with other facts proved by plaintiff, in arriving at the verdict and judgment.

**3. Railroads ⬅423—Owner of mules killed held not negligent.**

Proof that the mules which were subsequently killed by a train broke out of an insufficient inclosure into a field belonging to their owner, which was sufficiently inclosed by a fence, and from which they escaped only because the gate had been left open by railway employees does not establish contributory negligence by the owner, which precludes recovery for the death of the mules.

**4. Railroads ⬅443(2)—Evidence held to show killing of mules by train.**

Evidence that mules were tracked from the field of their owner through a gate left open by the railway employees onto the railway track at a point where blood was found, and that the mules were found dead or dying alongside the track, held sufficient to warrant the jury in finding that they were killed by being struck by a locomotive, though there were no eyewitnesses who testified to the accident.

**5. Railroads ⬅441(6)—Burden of showing excuse for failure to fence is on company.**

The burden is on a railway company to show that it was against the interest of the public to fence the right of way at the point where plaintiff's mules went upon the track, so as to bring the case within the judicial exception to the statute requiring fencing.

**6. Railroads ⬅443(5)—Excuse for failure to fence not shown.**

The bare opinion of a freight conductor that it would be unsafe to fence the track at a certain point is insufficient to show excuse for failure to fence.

Appeal from Bell County Court; J. W. Sutton, Judge.

Action by Etter & Curtis against James C. Davis, as Federal Agent. Judgment for plaintiffs, and defendant appeals. Affirmed.

W. W. Hair, of Temple, and Terry, Cavin & Mills and O. B. Wigley, all of Galveston, for appellant.

A. L. Curtis, of Belton, and J. W. Thomas, of Rogers, for appellees.

FLY, C. J. This is a suit for damages arising from the killing of two mules, brought by appellees against appellant as agent of the federal administration of railroads. Special issues were submitted to a jury, and on their answers judgment was rendered in favor of appellees for $650.

It was alleged and proved that the mules were found lying near the track of the railroad, fatally injured. One was lying outside the fenced track near the work cars on a siding and the other inside the right of way inclosure. The location was just outside the limits of the town of Rogers. The mules were kept in the farm of appellees adjoining the right of way of the railroad, and there was a gate opening from the farm to the right of way. Work cars belonging to the railroad company were standing on the siding, and were occupied as living places by men engaged in labor on the railroad track of the company and without the consent of the appellees, who were the owners of the farm, would constantly go into the farm; the necessity being forced upon them by the failure to furnish private places of retirement for them. The employés, who were not authorized by the owners to enter the farm, would enter therein through the gate and leave it open. Appellees always kept the gate shut, and the fence was a good one around the farm. The employés of appellant were seen to leave the gate open, and on the afternoon before the mules were fatally injured an employé of appellees found the gate open and closed and wired it. The next morning the gate was again open, and, the ground being wet, the mules were tracked from the farm through the gate on the track, and one was lying just opposite the gate near the track, and the other had been struck just outside the inclosed track of the company and carried over the cattle guard into the inclosed right of way. The road was not fenced where the mules were struck. Rogers is a town of about 2,000 inhabitants, on the main line of the Gulf, Colorado & Santa Fé Railway, and a passenger and freight depot is kept there. The town was incorporated, and the track was not fenced from the station to the first cattle guard, a distance of 3,000 feet. The last switch is south from the depot 2,700 feet, and it is 300 feet from the switch to the cattle guard near which the mules were struck. The mules were struck in an open space of 100

yards between the end of the siding and the cattle guard.

Appellees had used all means in their power to confine their mules on their own premises, and they were prevented from doing so by some one unwrapping the wire from the gate which had been put there by an employé of appellees, and leaving the gate open. All the facts point indubitably to the conclusion that the employés of appellant, who were in the habit of entering appellees' field to find a place of concealment, had opened and left open the gate through which the mules escaped. There was no evidence whatever tending to show that appellees' field fence was not sufficient to hold the mules. The condition of the fence, however, was of no importance, as the facts showed that the mules passed out the gate, and not through or over the fence.

[1] It is significant that appellant placed no witnesses on the stand to show that the mules were not seen by the engineer and fireman in time to prevent the disaster to the animals. A locomotive could not strike two mules and throw them off the track, crushing the life out of them by the impact, without the knowledge of the engineer and fireman. They alone, possibly could tell about the injury to the mules, and their identity was known to appellant alone; but their testimony was suppressed. The facts all pointed to the conclusion that the mules were on the track through the negligence of appellant's employés in leaving the gate open, and, being in an open space of ground 3,000 feet in length, the presumption might arise that the engineer and fireman could have seen them in time to stop the train. No employé in the cars on the siding, nor the engineer or fireman, was produced by appellant. An explanation was incumbent upon appellant. Where a party has an opportunity to explain inculpatory circumstances, and fails to do so, it is evidence against him. Welsh v. Morris, 81 Tex. 159, 16 S. W. 744, 26 Am. St. Rep. 801; Railway v. Blair (Tex. Civ. App.) 184 S. W. 566; Railway v. Jones (Tex. Civ. App.) 187 S. W. 717.

[2] The rule as formulated by Lord Mansfield in Cowp. 66, cited in the Blair Case, is:

"It is certainly a maxim that all evidence is to be weighed according to the proof which it was in the power of the other party to have produced and in the power of the other to have contradicted."

Jones on Evidence (2d Ed.) p. 54, thus states the rule:

"The conduct of a party in omitting to produce that evidence in elucidation of the subject-matter in dispute which is within his power, and which rests peculiarly within his knowledge, frequently affords occasion for presumptions against him, since it raises strong suspicion that such evidence, if adduced, would operate to his prejudice."

This rule was enforced in the case of Danner v. South Carolina, 4 Rich. (S. C.) 329, 55 Am. Dec. 678, upon a failure of the railway company to call persons in charge of the train at the time of the accident.

The presumption arising from the withholding or suppression of evidence by one party will not wholly relieve the adverse party from proving his case; but such suppression may be taken as a strong circumstance, in connection with others proved, in arriving at a verdict and judgment. In this case appellant alone had the power to produce testimony showing up the circumstances under which the mules were killed, and that fact should be taken in connection with the fact of the animals being killed in a place where the road could and should have been fenced as presumptive evidence against appellant.

[3] There was evidence that the mules broke out of a pen in which they had been placed on the night of the injury inflicted on them, and appellant sought to present to the jury contributory negligence as to the sufficiency of the lot fence. There was no testimony that the lot fence was in bad condition, unless it be inferred from the fact that the mules broke out. Such inference cannot be indulged, and, if the lot fence was poor, the field fence into which they escaped was in excellent condition, and there was no evidence to show contributory negligence. The mules would no doubt have remained on their masters' premises, if the gate had not been left open by the employés of appellant.

[4] The mules were found by the side of the track in a mutilated and dying condition. Their tracks showed that they were on the track when injured, and common sense and reason lead to the absolute conclusion that there was no agency on earth that could have inflicted the injury, except a moving locomotive of appellant. In the face of these facts it is gravely stated that it is mere surmise that the mules were struck by an agency of appellant. Appellant's witnesses swore that there was blood on the track, and the mules were evidently killed by a train.

[5, 6] The burden of showing that it was not necessary to keep the 3,000 feet of its track fenced, a portion of it outside the town of Rogers, and part outside of the last switch, rested upon appellant, and mere proof that switches and a side track had been built, and that the mules had been killed within such switch limits, would not necessarily absolve appellant from the charge of negligence, and the question of negligence was one for the jury. Railway v. Seay, 60 Tex. Civ. App. 301, 127 S. W. 908. As said in the case of Railway v. Cocke, 64 Tex. 151:

"Where an injury, such as is complained of in this case, occurs within the limits of a town or city, it rests with the railway company to

show that the place at which the animal entered was one which under the law it would not be permitted to fence."

The mules were not killed within the limits of a town or city, and appellant failed to show that public necessity or convenience required that the track should be left unfenced. The law of Texas makes no provision for certain portions of railway tracks being exempt from fencing, but that feature has been read into the law by court decisions, and strict proof is required to bring the case within the purview of the court-made exception. Such exception is based upon public necessity and convenience, and not on the vague opinion of a freight conductor as to the 3,000 feet of track being necessary to the railroad and not the public, and being unsafe for employés. It is not apparent how it would be unsafe; but, whether it was or not, railroad companies have not been granted the authority to declare certain portions of their tracks exempt from the fencing law. It is going far enough when courts read the exemptions into the law. If such matters are left to the discretion of railway companies, they might double-track their railways, and declare that their necessities and the safety of their employés require the whole line to be unfenced. No exemption was shown in this case from the fence law, and the place where the mules entered on the track should have been fenced. Railway v. Dunham, 68 Tex. 231, 4 S. W. 472, 2 Am. St. Rep. 484.

We place our decision on the ground that the place where the mules were killed was outside of the town of Rogers, and outside of where the last switch was situated, and no reason was given why the track was not fenced. The burden of showing this was on appellant. This opinion will supersede and take the place of a former opinion herein.

The judgment is affirmed.