HAYNES v. BERNHARD et al. (No. 7265.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 7, 1925. Rehearing Denied Feb. 5, 1925.)

1. **Master and servant ⊕=354—Recovery by injured employé under Compensation Act not bar to action against party causing injury.**

Recovery by injured employé under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), *held* not bar to action against party causing injury, under article 5246—47, although insurer is subrogated to employé's rights up to amount of award.

2. **Appeal and error ⊕=1050(1)—Negligence ⊕=124(1), 132(1)—Testimony as to where injured wokman had last seen elevator injuring him material and not prejudicial error.**

In action against contractor by subcontractor's employé for injuries from being struck while on eleventh floor of building under construction by descending elevator, testimony that plaintiff had last seen it five minutes prior on ground *held* material on questions of negligence of both parties, and not harmful to defendant, where substantially same testimony was admitted without objection.

3. **Negligence ⊕=124(1), 132(1)—Testimony injured workman did not hear signal material.**

In action against contractor by subcontractor's employé for injuries from being struck on head by descending elevator, plaintiff's testimony that he did not hear signal for which operator of elevator should have waited, and that signal was not rung, *held* material on issue of negligence of each party.

4. **Evidence ⊕=471(17)—Testimony of injured workman that he did not realize he was in danger not a conclusion.**

In action for injuries from being struck on head by descending elevator, plaintiff's testimony that he did not realize he was close enough to be in danger *held* statement of fact, and not conclusion, and admissible, especially as substantially same testimony, in response to other questions of both counsel, was not objected to.

5. **Trial ⊕=350(6)—Submission of special issues of negligence to jury sustained under evidence.**

In action by subcontractor's employé for injuries from being struck on head by descending elevator, special issue as to whether elevator was lowered without signal, and if so, whether such act was negligence, *held* properly submitted to jury, where plaintiff testified positively he did not hear it and defendant did not explain failure to produce engineer in charge of elevator.

---

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

6. Appeal and error ⚍1062(5)—Issue of negligence in failure to warn plaintiff of movement of elevator not prejudicial.

In action by subcontractor's employé for injuries from being struck on head by descending elevator, special issue as to negligence in failure to warn plaintiff of descent, if unnecessary, other issues being sufficient to warrant judgment, *held* not prejudicial.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by T. D. Bernhard and another against J. P. Haynes. Judgment for plaintiffs, and defendant appeals. Affirmed.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellant.

Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellees.

SMITH, J. As a general contractor appellant, Haynes, constructed the Frost National Bank building, a 12-story structure, in the city of San Antonio. As an incident to the construction appellant built and operated an elevator hoist, which was used in transporting materials, supplies, and implements to and from the several floors in the building. This elevator was used promiscuously by the various workmen employed on the different jobs in the construction of the building, including the plumbing, which was done by one A. E. Campbell, an independent subcontractor. Appellee Bernhard was employed by Campbell as a "plumber's helper," and as such employé of Campbell was insured by the Maryland Casualty Company, under the provisions of the Texas Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91).

About the time work was begun on the building on the morning of May 10, 1922, appellee Bernhard, who had ascended to the eleventh floor in the course of his duty as Campbell's employé, projected his head into the open elevator shaft for the purpose of calling or waving down a message to a fellow employé below, when the elevator, descending rapidly from above, struck him upon his head, seriously injuring him.

In due course appellee filed and prosecuted a claim against the Maryland Casualty Company through the Industrial Accident Board, obtaining an award amounting in all to $1,556.61, which was paid to him by the insurance company and accepted by him. Subsequently he brought this action against Haynes, alleging that he was injured through the latter's negligence, and praying for damages for such injuries. The insurance company intervened in the suit, asserting its right to subrogation, and praying for reimbursement out of any recovery Bernhard might obtain. The jury found for Bernhard in the sum of $5,500, and the court rendered judgment in his favor for that amount, less $1,556.61, theretofore paid him by the insurance company and therein awarded to that company. Haynes has appealed.

In response to special issues submitted to them the jury found that appellant's employé operating the elevator lowered the same without awaiting a signal to do so, and that this was negligence which directly caused or contributed to the accident; that the failure of the operative to give a warning signal to appellee that the elevator was about to be moved constituted negligence directly causing or contributing to the accident; that appellant failed to maintain a proper guard at the entrance of the elevator shaft at the place of the accident, and that this was negligence directly causing or contributing to the accident; that appellee was not guilty of negligence in placing his head over into the shaft of the elevator; that by reason of his injuries appellee was damaged in the sum of $5,500.

[1] Upon the trial appellant sought to abate the suit, contending that in such cases as this, under the provisions of the present Workmen's Compensation Act, an injured employé must elect to pursue his remedy against the insurance company on the one hand or the third party causing his injury upon the other, but that he cannot recover against both; that, appellee having elected to pursue his remedy against the insurer through the Accident Board, he cannot now maintain an action against Haynes, the third party. We overrule this contention. The statute, if deemed intelligible for any purpose, which is quite doubtful, seems to contemplate, and under it the courts expressly hold, that the employé may pursue both remedies, although the insurance company in such case is entitled to be subrogated to the employé's right of recovery against the third party. This right of subrogation was recognized and enforced in this cause, and the statutory provision satisfied. Article 5246—47 (Vernon's 1918 Supp.); Huson's Workmen's Compensation, § 232; Stowell v. Ins. Ass'n (Tex. Civ. App.) 259 S. W. 311; Cameron v. Gamble (Tex. Civ. App.) 216 S. W. 459; Lancaster v. Hunter (Tex. Civ. App.) 217 S. W. 765. Appellant's first and second propositions and the assignments of error thereunder, in which this question is presented, are overruled.

[2] On the ground that it was immaterial, appellant objected to the testimony of appellee that—

"The last time I had seen the elevator, before it struck me, it was on the ground floor, just before I began going up the ladders, about five minutes before 8 o'clock, and then the accident happened immediately after in the neighborhood of that, after 8 o'clock."

---

⚍For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

We think the testimony was clearly admissible as one of the necessary circumstances surrounding the accident, and as bearing upon the issue of negligence as to both parties. In no event could its admission injure appellant. Moreover, the witness was permitted at other times while on the stand to testify, without objection, to substantially the same facts, which circumstance destroys appellant's complaint. The latter's third proposition, and the assignments thereunder, are accordingly overruled.

[3] For the same reasons we overrule appellant's fifth proposition and the assignments of error thereunder, in which complaint is made of the admission of the testimony of appellee that "I didn't hear any bell ring to signify the elevator would move." Obviously, the testimony was quite material, and appellee testified to the fact repeatedly at other times while on the stand. For instance, in answer to questions propounded to him on cross-examination by appellant, appellee testified, "It hit my head like that—bound to, like that—(indicating) without anything, without any signal, no warning nor nothing," and "I can swear there wasn't any signal given." On direct examination he testified, "I didn't hear any bell ring," and on redirect, "I did not hear any signal given at all; I heard no warning whatever that the elevator was going to move; I heard no bell rung to signal it would move."

[4] Under his fourth proposition appellant complains of the admission of the testimony of appellee that "when I went to the elevator shaft I didn't realize I was close enough to be in danger of a passing elevator there." The objection urged against this testimony is that it is but a conclusion of the witness. We think the testimony was a statement of fact rather than a conclusion, and was properly admitted as against the objection made. But, as the witness testified without objection to substantially the same fact or conclusion at other times, in response to questions propounded to him by his own and by opposing counsel, appellant is in no position to complain. The fourth proposition and the assignments of error thereunder are overruled.

In his sixth to thirteenth propositions appellant complains of the refusal of the trial court to direct a verdict in his favor. We overrule those propositions and the assignments upon which they are predicated. We have carefully reviewed the evidence in the record, and are of the opinion that this evidence was ample to take the case to the jury upon issues properly plead and submitted.

[5] In his fourteenth and fifteenth propositions appellant complains of the submission to the jury of special issues inquiring if the appellant's elevator engineer lowered the elevator on the occasion in question without receiving a signal to do so, and, if so, whether such act was negligence. Appellant earnestly contends that there was no evidence warranting the submission of these issues. We have very carefully read all the evidence in the case, and have concluded that this contention must be overruled. Appellee swore positively and repeatedly that no such signal was given and no witness undertook to contradict him. The engineer in charge of the operation of the elevator at the time of the accident does not appear to have testified, nor is any explanation offered for his failure to do so. Such circumstance has often been held to be significant as an indication that the unproduced testimony of the absent witness might have been adverse to the party controlling him. Davis v. Etter (Tex. Civ. App.) 243 S. W. 604, and authorities there cited. The fourteenth and fifteenth propositions and the assignments supporting them will be overruled.

[6] Appellant complains of the submission to the jury of the issue of whether his failure to warn appellee of the proposed movement of the elevator was negligence. The objection urged to this action of the court is that "the determination of the issue would only establish an immaterial matter." In view of the fact that the remaining findings of the jury were ample to warrant the judgment rendered against appellant, it is perhaps true that the issue here objected to was immaterial. It was at least unnecessary. In any event it is not shown, nor contended by appellant, that its submission was prejudicial to appellant or in any way injured his defenses. This matter was raised in appellant's sixteenth and seventeenth propositions, which will be overruled, together with the assignments thereunder. For a like reason appellant's eighteenth and last proposition and his eleventh assignment of error are overruled.

The judgment is affirmed.