## GOLDSMITH v. OHIO TRUSS CO.
### (No. 2663.)

(Court of Civil Appeals of Texas. Amarillo. April 14, 1926.)

**1. Pleading ⬤⟾380—That petition referred to itemized and verified statement attached to petition as an account did not render signed order for goods purchased inadmissible.**

In suit on account to recover for merchandise sold defendant, that petition referred to itemized and verified statement attached to petition as an account did not render signed order for merchandise inadmissible.

**2. Pleading ⬤⟾394—That written order contained fuller description of merchandise purchased than verified account attached to petition held not to constitute a variance.**

In suit on account to recover for merchandise sold, where items set out in verified ac-

count attached to petition and items set out in signed order introduced in evidence showed same number of dozens of each item and same stock number and same price for each item, that order contained a fuller description of each item *held* not to constitute a variance.

**3. Evidence ⬤⟾129(6)—Testimony as to size of orders of other customers and lack of complaint by them held inadmissible.**

In suit on account to recover for merchandise sold, in which defendant contended that he had purchased a less amount than sued for, testimony as to size of orders received from other customers, and that they did not complain of amount shipped, *held* inadmissible.

**4. Trial ⬤⟾351(5).**

Refusal of requested special issue covered by issue presented by court is not error.

Appeal from Wichita County Court; O. M. McFarland, Judge.

Action by the Ohio Truss Company against M. D. Goldsmith. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Engelking & Dotson, of Electra, for appellant.

J. R. Ogle and Jno. P. Marrs, both of Wichita Falls, for appellee.

JACKSON, J. This suit was instituted in the county court of Wichita county by appellee, the Ohio Truss Company, against the appellant, M. D. Goldsmith, on an account to recover the sum of $205.13. Appellee alleged that it sold and delivered to appellant certain trusses and other articles of merchandise, an itemized statement of which, properly verified, was attached to, and made a part of, its petition. The appellant answered by general demurrer, general denial, and a special plea, under oath, denying that the account was just and true, due and unpaid, etc., which was in proper form; but admitted the purchase of goods aggregating the sum of $77.63. In response to a special issue submitted by the court, the jury found, in effect, that all the items of merchandise were written in the order introduced in evidence at the time it was signed by appellant. On this finding, the court rendered judgment for appellee for the amount sued for, with interest thereon from the date of the judgment at the rate of 6 per cent. per annum; and the case is before us for review.

[1] Appellant urges, as error, the action of the trial court in permitting the introduction in evidence of the written order signed by him, over the objection that the suit was based on an open account, and not on a contract, and that there was a variance in the items of the open account and the written order. The fact that the petition refers to the itemized and verified statement attached to its petition as an account does not render the signed

order for the goods inadmissible. 5 C. J. p. 1409; J. M. Ballew v. J. A. Casey et al., 60 Tex. 573; Davidson v. McCall (Tex. Civ. App.) 95 S. W. 32.

[2] The items set out in the verified account, and the items set out in the signed order introduced in evidence, show the same number of dozens of each item, and the same stock number of each item, and the same price for each item; and the fact that the written order contained a fuller description of each item does not constitute a variance.

[3] Appellant presents, as error, the action of the trial court in admitting, over his objection, the testimony of J. W. Adams to the effect that the company had never had any complaint from any one other than the appellant that more goods had been shipped than were ordered, that the goods sued for constituted a medium sized order, and that in some drug stores operating in towns the size of Electra, where a majority of the men were engaged in physical labor, the company received orders twice the size of the order sued on; and to the admission of the testimony of Fred D. Norton to the effect that the order sold appellant was a small amount for the population of the town, due to the fact that their statistics are based on the assumption that 140 people out of every 1,000 are ruptured.

Appellant's defense and principal contention in the trial below was that he purchased certain trusses and other articles from appellee, the aggregate price of which amounted to only $77.63, for which he signed the written order introduced in evidence; but that after his signature had been affixed to the order, without his knowledge or consent, many other items were inserted in the order over his signature, and that such additional items had not been purchased by him, and all of the additional items which he received had been returned to the company, and he was not liable therefor. The testimony objected to was obviously introduced and admitted in an attempt to show that appellant purchased all the items sued for, because other customers, under similar circumstances and conditions, purchased as large or larger orders, and did not complain thereof, and was clearly inadmissible. Dunlap Hardware Co. v. E. F. Elmberg Co. (Tex. Civ. App.) 252 S. W. 1098, and authorities cited; E. F. Elmberg Co. v. Dunlap Hardware Co. (Tex. Com. App.) 267 S. W. 258, and authorities cited.

[4] Appellant presents, as error, the action of the trial court in refusing to submit a special issue requested by him asking, in effect, what articles were delivered to appellant in the performance of the contract sued upon. Under the facts, as revealed by this record, the refusal of this special issue was not error because sufficiently covered in the issue presented by the court.

Appellant, by proper assignment, challenges the sufficiency of the evidence to support the finding of the jury; but, as the case must be remanded, we will refrain from a discussion of the testimony, but, in our opinion, it was sufficient to support the jury's finding.

For the error discussed, the judgment is reversed and the cause remanded.