### ALEXANDER v. GOOD MARBLE & TILE CO. et al. (No. 408.)

Court of Civil Appeals of Texas. Eastland.
March 16, 1928.

Rehearing Denied April 13, 1928.

**1. Contracts ⬅⟿322(1)—For contractor to recover where contract provided for payments only on architect's certificates, he must show either issuance of certificate, withholding thereof fraudulently, arbitrary withholding, or waiver by owner.**

Where contractor sues owner for money due on contract providing for payments only on presentation of certificates furnished by architect, it is incumbent on contractor, in order to obtain payment, either to show that the architect has issued such certificates showing contractor's right to payment, that certificates have been withheld by architect fraudulently, that there was a withholding so arbitrary as to amount to bad faith, or that owner has waived right to insist on same.

**2. Trial ⬅⟿351(2)—One party owes no duty to request submission of issues essential to other (Rev. St. 1925, art. 2190).**

Under Rev. St. 1925, art. 2190, a plaintiff owes no duty to request the submission of issues essential to defendant's defense, and defendant likewise owes no duty to request submission of issues essential to plaintiff's recovery.

**3. Trial ⬅⟿351(2)—Issue necessary to make out cause of action or defense is waived, where party fails to request submission and court does not submit it (Rev. St. 1925, art. 2190).**

Where party to suit fails to request the submission of an issue necessary to make out a cause of action or defense, as the case may be, and such issue is not submitted to the jury by the court, it is, under Rev. St. 1925, art. 2190, waived.

**4. Contracts ⬅⟿290—Owner may waive compliance with contract provision requiring architect's certificate as prerequisite to paying contractor.**

Since a provision of a contract requiring presentation of a certificate of an architect as a prerequisite to payment being made by own-er to contractor is for benefit of owner, such owner may waive compliance therewith.

**5. Contracts ⬅⟿290—Building contract held not to waive owner's right to insist on architect's certificate preliminary to making payments.**

Building contract *held* not, as matter of law, to waive owner's right to insist on architect's certificate preliminary to making payments to contractor.

**6. Evidence ⬅⟿129(6)—Marble slab and photographs showing such marble used in other buildings held inadmissible, in contractor's suit for payment, to show proper material was used.**

In contractor's action to recover from owner payment under building contract, wherein defense was use of improper marble, a marble slab and two photographs, latter showing that type of marble for which contract called was used in corridors of a 22-story office building, and another, *held* inadmissible for purpose of showing proper material was used in building in question, as it would tend to cause jury to conclude marble acceptable for such buildings as were pictured in photographs should be acceptable to defendant.

**7. Contracts ⬅⟿300(1)—Contract held not to excuse delay caused by weather conditions.**

In contractor's action to recover from owner under building contract, submitting to jury issue of allowance for delay in completion of part of building on account of weather conditions *held* improper, where contract provided for completion of such part at a definite time, making no provision for delay on account of weather conditions.

**8. Contracts ⬅⟿300(3)—In building contract, owner is not entitled to recover damages for delay brought about by his own wrong.**

In building contract, owner is not entitled to recover damages for delay brought about by his own wrong, regardless of provisions of contract.

Appeal from District Court, Taylor County; M. S. Long, Judge.

Suit by the Good Marble & Tile Company against J. M. Alexander and Walsh & Burney, in which Walsh & Burney file a cross-action against defendant Alexander. From the judgment, defendant Alexander appeals. Reversed and remanded.

Davidson & Hickman and Stinson, Hair & Brooks, all of Abilene, for appellant.

Thompson & Barwise and Hugh B. Smith, all of Fort Worth, for appellees.

HICKMAN, C. J. This litigation is based upon a contract for the construction of the seven-story Alexander bank and office building on North First and Pine streets in the city of Abilene. For convenience the parties will be designated here as they were in the contract, the appellant J. M. Alexander being the owner, the appellees Walsh & Burney being the contractor, and the appellee

⬅⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Good Marble & Tile Company being the sub-. contractor. Suit was instituted by the subcontractor against the contractor for approximately $7,500, alleged to be due for the installation of the marble and terrazzo work in the building, and to establish and foreclose, as against the owner, a mechanic's and materialmen's lien on said building and the lots on which it is situated. The contractor filed a cross-action over against the owner for approximately $7,900, as the alleged balance unpaid on the original contract between him and the owner for the construction of the building. The owner answered denying any indebtedness to the contractor, and alleging that the building had not been completed, and that it would cost more to complete and repair same in accordance with the contract than the balance unpaid on the contract price. He also denied that he had accepted the building, and particularly pleaded that a large part of the marble which was installed by the subcontractor had been rejected by the architect. He prayed for judgment against the contractor for the amount necessary to carry out the contract, after crediting the same with the balance of the unpaid contract price. He also prayed for judgment for approximately $2,400, which he alleged to be due him under the terms of the contract for delay in completing the banking room and a certain storeroom on the first floor. The case was submitted to the jury upon special issues, upon the answers to which judgment was rendered in favor of the subcontractor against the contractor for approximately $8,000, with a foreclosure against the building in the amount of the judgment in favor of the contractor against the owner, which was approximately $7,800. Judgment was also rendered in favor of the subcontractor against the owner for the same amount as the judgment against the owner in favor of the contractor, but it was decreed that no execution should issue in favor of the subcontractor against the owner personally.

Able briefs have been filed presenting many assignments and propositions; but, since we have concluded that it is necessary to remand the case for another trial, we believe our views on the controlling questions of law may be stated without the necessity of discussing separately the various assignments and propositions.

The original contract between the owner and the contractor required the latter to furnish all labor and material for the erection and completion of the building according to the plans, specifications, and drawings made by David S. Castle, architect, in a good, substantial, and workmanlike manner, to the satisfaction and under the direction of said architect and his superintendents. In consideration that the contractor should completely and faithfully execute the work, furnish the material and labor therefor, and fully carry out the contract according to its true spirit and by and at the times mentioned to the full and complete satisfaction of David S. Castle and his superintendents, the owner obligated himself to pay the contractor $219,787 on certificates of the architect or his superintendent from time to time as the work progressed, to wit, 85 per cent. of the estimated value of the same. The contract contained the further provision, in substance, that in relation to the contract, the work to be or that has been performed under it, or in relation to the plans, drawings, and specifications, which were made a part thereof, the decision of David S. Castle, the architect, should be final and binding on all parties thereto.

From the foregoing description of the terms of the contract it is apparent that the parties thereto vested the architect with authority and power to make decisions on all issues which might arise in the course of the construction of the building with reference to labor, material payments, etc.

[1] Recovery was had upon this contract. The law is well settled that, when a contractor sues the owner for money due upon a contract of this character, it is incumbent upon him, in order to recover against the owner, to plead and prove that the architect has issued to him a certificate showing his right to the payment, or that such final certificate has been withheld by the architect fraudulently, or that his withholding thereof was so arbitrary as to amount to bad faith, or that the owner has waived his right to insist upon same. Childress v. Smith et al., 90 Tex. 610, 38 S. W. 518, 40 S. W. 389; Kansas City, E. P. & M. Ry. Co. v. Perkins, 88 Tex. 66, 29 S. W. 1048; Jones et al. v. Gilchrist, 88 Tex. 88, 30 S. W. 442; Boettler v. Tendick, 73 Tex. 488, 11 S. W. 497, 5 L. R. A. 270; Kilgore v. Baptist Society,, 89 Tex. 465, 35 S. W. 145; Kettler Brass Mfg. Co. v. O'Neil, 57 Tex. Civ. App. 568, 122 S. W. 900; Llano Granite & Marble Co. v. Hollinger et al. (Tex. Civ. App.) 148 S. W. 337; Harrell v. City of Lufkin (Tex. Com. App.) 280 S. W. 174.

No issue was submitted to the jury calling for a determination of whether the withholding of the certificate by the architect was fraudulent or in bad faith, or whether the owner waived the same. A finding against appellant on one of these issues is essential to support a judgment against him on the contract, and in the absence of such finding the judgment must be reversed.

[2] Appellees insist that under article 2190, R. S. 1925, it becomes our duty to presume, in support of the judgment of the trial court, that the issue of fraud was found by the trial judge in such manner as to support the judgment. This same question has been presented to this court a great many times,

and we have uniformly held that a plaintiff owes no duty to request the submission of issues essential to the defendant's defense, and a defendant likewise owes no duty to request the submission of issues essential to plaintiff's recovery.

[3] Under such a situation it is the well-settled rule that, where a party to a suit fails to request the submission of an issue necessary to make out his cause of action or defense, as the case may be, and such issue is not by the court submitted to the jury, it is waived. Authorities almost without number could be cited in support of this holding, but we shall refer to but a few of the leading ones. Conflicts in the construction of article 2190 are to be found in the opinions of some Courts of Civil Appeals, rendered prior to the time that the Supreme Court construed this article. In the case of Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S. W. 902, our Supreme Court, through Justice Greenwood, wrote on this question, construing the article above. The Supreme Court again wrote on the same question in the recent case of Ormsby v. Ratcliffe (Tex. Sup.) 1 S. W. (2d) 1084. That case was pending before that court on application for writ of error from this court, and Justice Pierson took occasion again to write upon the same subject, on account of the great confusion which seemed to exist in the minds of able counsel regarding the same. That opinion clearly construes the statute. Again, in the case of Bulin et al. v. Smith, 1 S. W. (2d) 591, the Commission of Appeals, speaking through Judge Speer, reaffirms the rule. The conclusion is that the appellees, having failed to request the submission of an issue necessary to their cause of action, are deemed to have waived same, and that, since a determination of that issue in their favor was essential to their judgment, the same must be reversed.

What has been said with reference to the issue of fraud on the part of the architect applies equally to the issue of a waiver by the owner of his right to insist upon a certificate by the architect, in so far as such waiver was sought to be shown by parol testimony. But appellees urge here that the evidence shows such waiver, as a matter of law, based upon the construction of a written contract, the duty to construe which rested upon the court and not upon the jury. An understanding of this contention requires that we here copy the contract relied upon as a waiver. It is as follows:

"State of Texas, County of Taylor:

"The following contract is made between Walsh & Burney, hereinafter called contractor, and Dr. J. M. Alexander, hereinafter called owner:

"The contractor has practically finished what is known as the Alexander building on Pine and North First streets in the city of Abilene, Taylor county, Texas, but there are still some mat-

ters unadjusted between the parties. Both parties desire that the building be turned over to the owner on or before the 1st day of September, 1925. The contractor upon the signing of this agreement will turn over the building to the said owner, to the extent that the said owner may place his tenants in said building. The contractor claims there is due them on said building, exclusive of the separate contract for finishing the sixth floor, approximately the sum of $37,939.58. The owner claims some offsets against the above sum of money, and upon the turning over of said building the said owner will pay to the contractor the above amount, less the sum of $7,500, which amount will be retained by the owner pending final adjustment on the contract. The contractor will continue to finish the marble work and such other items about the building that need finishing or retouching to comply with the terms of the contract, and will put forth every effort to finish the same to the end that same may be finished just as quickly as it can be done. The contractor will use every effort to finish the unfinished items by the 1st of September, 1925, to the end that the building may be as suitable for occupancy for tenants on the 1st of September as possible, and in the event any part is not finished the contractor will finish the same as quickly as it can be done and will interfere with the tenants as little as possible.

"The owner will have the arhitect to at once check over all matters and render a decision as to what allowances shall be made to the end that each party may know as early as practicable what part, if any, of the money retained shall be used as an offset against the contractor.

"In the determination of the differences between the parties the original contract in all respects shall be taken and considered to determine the amount, if any, offset, and this contract in no wise supersedes or varies the original contract.

"The amount claimed by the contractor to be due is exclusive of the additional contract for the finishing of the sixth floor, and the contract for the finishing of the sixth floor is in no wise affected by this contract and the amount due for the finishing of the sixth floor under the additional contract is not taken into consideration in this contract.

"The architect, the owner, and the contractor will as soon as possible, and not later than August 31, 1925, determine the amount which the contractor claims, and shall write in this contract the figure claimed by the contractor.

"Witness our hands this 28th day of August, A. D. 1925.

"Walsh & Burney,
    By W. D. Ferguson, Contractor.
"J. M. Alexander, Owner."

[4] It is unquestionably the rule, as contended by appellees, that, since a provision of a contract requiring the certificate of an architect is for the benefit of the owner, such owner may waive a compliance therewith by the contractor. 9 C. J. pp. 760, 761.

[5] Appellees insist that the written contract above copied impliedly waives the right of the owner to insist upon the certificate by the architect. We cannot so construe this contract. To our minds it expressly disclaims any such intention, and, having so

expressly disclaimed it, same cannot be ingrafted thereon by implication.

The question of the correct measure of damages on the owner's cross-action may arise upon another trial, as it did upon this trial. We think the question of law involved with reference to the measure of damages is decided in the cases of Atkinson v. Jackson Bros. (Tex. Com. App.) 270 S. W. 848, 38 A. L. R. 1377, and McBurnett v. Smith & McCallin (Tex. Civ. App.) 286 S. W. 599, and there is no necessity for a repetition by us of the rules therein announced.

[6] The marble which the subcontractor undertook to install in the building was described in the specifications as "gray Tennessee marble." For the purpose, as contended by appellees, of enlightening the jury on the question of what was meant by "gray Tennessee marble," there was introduced in evidence, over the objection of appellant, a certain marble slab and two photographs. One of these photographs was made in the corridors of the W. T. Waggoner 22-story office building in Fort Worth, and the other was made in the Medical Arts building at Fort Worth or Dallas. We think this was improper evidence, and should have been excluded. Regardless of the purpose for which this evidence was offered, the evident effect of the introduction of these photographs was to cause or tend to cause the jury to conclude that if this marble was accepted in the Waggoner building and the Medical Arts building, it should be acceptable to the owner of the Alexander building. Issues of this character prolong litigation, ignore the terms of the contract, and should not be injected in the trial of a cause. Goldsmith v. Ohio Trust Co. (Tex. Civ. App.) 283 S. W. 299; A. J. Anderson Electric Co. v. Cleburne Water & Ice Co. (Tex. Civ. App.) 44 S. W. 929.

[7, 8] On the issue of damages claimed by the owner for delay in the completion of the banking room and storeroom No. 1, it is our opinion that, under the terms of the contract, no provision was made for allowance of time to the contractor on account of weather conditions, and such issue should not have been submitted to the jury. The contract provides that the building as a whole was to have been completed on or before June 8, 1925, time to be extended only in case of general strike, fire, or unusual action of the elements. That is the general provision governing the building as a whole. The specific provision of the contract relating to the banking room and storeroom No. 1 contains no allowance for delay, but is an absolute obligation to complete and turn over same to tenants within six months from June 15, 1924. With respect to these two particular rooms, the contractor should not be allowed any time for delay on account of weather conditions. It will be proper to submit to the jury the issue, if supported by evidence, as to whether such delay was due to the owner's fault, because it is elementary that the owner is not entitled to recover damages brought about by his own wrong, regardless of whether the contract expressly so provided.

We believe the above indicates our views on the main questions presented. For the reasons indicated, the judgment of the trial court will be reversed and the cause remanded for another trial.