## CONTINENTAL OIL CO. v. BERRY.

### No. 12684.

Court of Civil Appeals of Texas. Fort Worth.

May 23, 1932.

Rehearing Granted July 9, 1932. Rehearing Denied Sept. 24, 1932.

G. B. Smedley and Burney Braly, both of Fort Worth, and O. E. Nelson, of Wichita Falls, for appellant.

Loftin & Hall, of Henrietta, for appellee.

DUNKLIN, J.

Mrs. A. G. Berry, as plaintiff, instituted this suit against the Continental Oil Company, defendant, to recover damages for a depreciation in the market value of four lots in the town of Henrietta, on which she had her home, by reason of seepage of gasoline in a well of water situated on that property and used by her for domestic purposes. It was alleged that the seepage was negligently permitted from underground tanks of a filling station owned by defendant; that the same polluted the water to such an extent as to render it unfit for use, and thereby the well was permanently injured, and, as the result thereof, the market value of her home was depreciated in the sum of $1,250.

It was also alleged that her property was further damaged by reason of fumes of gasoline escaping from the water in the well, permeating her home to such an extent as to constitute a nuisance.

To that petition the defendant presented general and special demurrers and a general denial.

This appeal has been prosecuted by the defendant from a judgment in plaintiff's favor for the sum of $475, based upon findings of the jury in answer to special issues, as follows:

"1. Do you find from a preponderance of the evidence that gasoline from defendant's equipment entered plaintiff's well? Answer: Yes.

"If you have answered the foregoing special issues 'No,' then you need not answer

further, but if you have answered the same 'Yes,' then you will answer the following special issue:

"2. Do you find from a preponderance of the evidence that the defendant, acting through its agents, servants or employees, was negligent in permitting gasoline to escape from its equipment (if you have found that gasoline did escape from defendant's equipment)? Answer: Yes.

"3. Do you find' from a preponderance of the evidence that the seepage of gasoline from defendant's equipment onto plaintiff's premises (if you have found that there was such seepage) was the direct and proximate cause of any damage to plaintiff's property? Answer: Yes.

"If you have answered the foregoing issue 'no,' then you need not answer this, but if you have answered the same 'yes,' then you will answer the following special issue:

"4. How much, if any, do you find from a preponderance of the evidence that the market value of plaintiff's property has been damaged as a direct and proximate result of gasoline seeping from defendant's equipment into plaintiff's well, if any? Answer: $475.00."

The evidence showed that the defendant operated a service station equipped with an underground tank for the storage of gasoline, which was approximately 460 feet from plaintiff's well, the intervening ground sloping from the filling station towards plaintiff's property, which long had been occupied and used by the plaintiff as her home.

In briefs filed by appellant, there is an extended review of the testimony introduced upon the trial, and the argument is made that each and all of the findings of the jury were contrary to the overwhelming weight of the evidence, that the evidence introduced to show that the water in plaintiff's well was polluted by seepage from defendant's gasoline tank amounted to nothing more than a mere scintilla of proof, and that the finding that the market value of plaintiff's property was permanently depreciated was without any evidence to support it. It is insisted with much earnestness that, even though it could be said that there was evidence sufficient to warrant a finding that the pollution of the water in plaintiff's well came from the seepage of gasoline from defendant's tank, yet there was a total absence of proof that the nuisance thereby created would be permanent. From other evidence it is argued that it was just as reasonable to infer that the seepage in plaintiff's well was from sources other than the defendant's tank, and that the finding of the jury to the contrary was a mere guess or surmise, which was not sufficient to support that finding—citing Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059.

■ We shall not undertake a discussion of the entire testimony, since so to do would unduly prolong this opinion. However, after a thorough consideration of the record, we have reached the conclusion that we are not authorized to sustain the attacks made on any of the findings of the jury on the grounds urged. It is true, as urged by appellant, that there was no specific testimony to show that the alleged nuisance would be permanent. But we believe that the jury would be authorized to infer that such would be true, in the absence of any showing by the defendant that the nuisance had been abated or would be abated in the future, either by removal of the gasoline tank or by so operating it as to avoid any seepage therefrom to plaintiff's well. The testimony of the defendant tended to show that the seepage was still continuing and to such an extent as to pollute the water and thereby render it unfit for at least some domestic purposes.

Whether or not defendant intended to abandon use of the gasoline tank in the future or to repair it so as to prevent further leakage therefrom was peculiarly within its knowledge, and it failed to request the submission of any of those issues to the jury; thereby waiving the right to complain here. Davis v. Etter & Curtis (Tex. Civ. App.) 243 S. W. 603, and authorities there cited; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

■ And we are of the opinion further that the pollution of the air in plaintiff's home from gases emanating from the seepage in the well could be considered by the jury as further evidence of the nuisance complained of.

Error has been assigned to the action of the court in overruling defendant's exception to special issue No. 3, submitted in the court's charge, as follows: "For the reason that the question submitted in said issue is whether or not seepage of gasoline was the cause of 'any damage' to plaintiff's property, and says that said issue is improper and should not be submitted in that the jury would be permitted thereunder to find a verdict against the defendant if any damage whatever was proven to plaintiff's property, whereas the only damage alleged in the petition and for which recovery is sought is not some or any damage to plaintiff's property, but is permanent destruction of the well."

■ Whether or not plaintiff's property was permanently damaged involved two issues: First, whether or not the seepage had damaged plaintiff's property; second, in the event of an affirmative answer to that issue, then whether or not such injury was permanent. Issue No. 3 of the court's charge was a correct presentation of the first of those questions. And, if the second had been submitted conjunctively with the first, then error could have been successfully assigned thereto on

the ground of multifariousness, in that two questions were embodied in the same issue. If the defendant had desired to have the submission of the further issue whether or not the injury to the well was permanent, it should have requested the submission of that issue, but this it failed to do. Ormsby v. Ratcliffe, supra.

Furthermore, the answer of the jury to special issue No. 4 that the market value of plaintiff's property had been damaged in the sum of $475 as a direct and proximate result of the gasoline seeping from defendant's tank into plaintiff's well implied a further finding that that nuisance was permanent.

■ By another assignment it is insisted that, even though it could be said that the jury was warranted in finding that there was a seepage of gasoline from the defendant's tank into plaintiff's well resulting in a pollution of the water, yet judgment could not be rendered against the defendant for the full amount of such damage, in view of some evidence which it is claimed tended to show that at least some of that seepage occurred before defendant purchased the filling station and while the same was owned and operated by its vendor; and that the evidence failed to show how much damage was done while the station was operated by the former owner and how much occurred while the defendant owned it. However, the record contains no showing of an objection made to the testimony offered by plaintiff seeking to confine the same to the pollution of the water during the time the defendant owned and operated the filling station. Nor did the defendant request the submission of any issue requiring a finding of injuries resulting from defendant's ownership of the filling station to the exclusion of injuries resulting from the operation by the former owner. Ormsby v. Ratcliffe, supra.

■ Complaint is made of the refusal of the court to give to the jury defendant's requested instruction that the burden of proof was on the plaintiff to establish the affirmative of issues 1, 2, and 3, submitted in the court's charge, by a preponderance of the evidence, and that, if that burden had not been discharged, then to answer those issues in the negative.

The language of each of those issues begins with, "Do you find from a preponderance of the evidence." That form of instructing the jury as to the burden of proof, on special issues, was suggested as a proper form in Federal Surety Co. v. Smith, 41 S.W.(2d) 210, by the Commission of Appeals. See, also, City of Waco v. Diamond (Tex. Civ. App.) 46 S.W.(2d) 1049, to the same effect.

For the reasons indicated, all assignments of error are overruled, and the judgment of the trial court is affirmed.

### On Rehearing.

■ As shown in plaintiff's pleadings, her cause of action was for a permanent depreciation in the market value of her property as the result of the seepage of gasoline from defendant's filling station into the water well situated on her property. It is apparent, therefore, that a finding either by the court or by the jury that the market value of the property had been permanently impaired was necessary to recover the damages sought. And upon a further consideration of the case we have reached the conclusion that the failure of the court to submit that issue was reversible error. Since such a finding was necessary to plaintiff's recovery for the damages alleged, it was not incumbent upon the defendant to request the submission of that issue in order to complain of the judgment. Alexander v. Good Marble & Tile Co. (Tex. Civ. App.) 4 S.W.(2d) 636 (writ refused); Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708; and decisions there cited; Walling v. Rose (Tex. Civ. App.) 2 S.W.(2d) 352; Tripplehorn v. Ladd-Hannon Oil Corp. (Tex. Civ. App.) 8 S.W.(2d) 217 (writ dismissed).

Accordingly, appellant's assignment complaining of the failure of the court to submit the issue of alleged permanent injury to plaintiff's property is sustained; our former order affirming the judgment of the trial court is set aside, and the judgment of the trial court is reversed and the cause remanded for another trial; but we adhere to the conclusions reached in our original opinion on all other assignments of error presented here.